1  Michael N. Cohen (SB# 225348)
   *mcohen@cohenip.com*
2  COHEN IP LAW GROUP
   A Professional Corporation
3  9025 Wilshire Boulevard, Suite 301
   Beverly Hills, California 90211
4  Phone: (310) 288-4500
   Fax: (310) 246-9980
5
   Attorneys for Plaintiff
6  NORDIC SAUNA, LLC

7

8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
                        **WESTERN DIVISION**
10

11

12  NORDIC SAUNA, LLC, a California          **Case No.**
13  Limited Liability Company
                                             **COMPLAINT FOR:**
14          Plaintiff,
                                             **1. TRADEMARK INFRINGEMENT**
15      v.                                   **[15 U.S.C. § 1114]**
                                             **2. UNFAIR COMPETITION [15**
16  NORDICA SAUNA, LLC, a Wyoming            **U.S.C. § 1125]**
17  Limited Liability Company, CHRIS         **3. VIOLATION OF THE**
    TESTER, an Individual; and DOES 1-       **ANTICYBERSQUATTING**
18  10;                                      **CONSUMER PROTECTION ACT**
                                             **[15. U.S.C. § 1125]**
19                                           **4. UNFAIR COMPETITION IN**
            Defendants.                      **VIOLATION OF CAL. BUS. &**
20                                           **PROF. CODE, § 17200, ET SEQ.**
                                             **5. CALIFORNIA COMMON LAW**
21                                           **UNFAIR COMPETITION**
22
23                                           **DEMAND FOR JURY TRIAL**
24
25
26
27
        Plaintiff NORDIC SAUNA, LLC, a California Limited Liability Company,
28
   ("Nordic Sauna" or "Plaintiff") alleges as follows:

                              - 1 -
                            COMPLAINT

## PARTIES

1.     Nordic Sauna is a California Limited Liability Company organized and existing under the laws of the State of California with its principal place of business at 14831 Bessemer Street, Van Nuys, California 91411.

2.     Upon information and belief, Nordica Sauna, LLC, ("NSL" or "defendant"), is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business, mailing address, and registered agent address all at 30 N Gould St Ste R., Sheridan, Wyoming, 82801.

3.     Upon information and belief, Chris Tester (hereinafter "Tester"), is an individual residing in Sheridan, Wyoming and doing business in Wyoming and California.

4.     Nordic Sauna alleges, on information and belief, that Defendants NSL and Tester conducts business in the jurisdiction of the United States District Court for the Central District of California by offering infringing goods for sale in Los Angeles, California, that infringe on the registered trademarks of Nordic Sauna.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Nordic Sauna.  Nordic Sauna therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendant has been ascertained, Nordic Sauna will amend this pleading accordingly.

6.     Nordic Sauna is informed and believes and thereon allege that at al times mentioned herein Defendants, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

and 28 U.S.C. § 1338 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different states. This Court has supplemental jurisdiction over Nordic Sauna's state law claims pursuant to 28 U.S.C. § 1367(a).

8.    This Court has personal jurisdiction over Defendants since the Defendants have committed acts of trademark infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.   Amoun other things, Defendants have advertised, offered to sell, and sold products that infringe the trademarks of Nordic Sauna to consumers within this judicial district.

9.    Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims herein arose in this District, and Defendant conducts business in this District.

## FACTS

### Nordic Sauna's Nordic Sauna Brand

10.    For the past forty years, Nordic Sauna has been, engaged in the business of offering custom sauna services in California and has sold goods, namely high-end saunas throughout the United States.  For over 40 years, Nordic Sauna has been a trusted name and cornerstone of the sauna community, known for producing high-quality, durable, and traditionally crafted sauna systems. Its commitment to excellence and authenticity has earned it a loyal customer base, as well as ongoing recognition in industry publications and forums.

11.    Nordic Sauna has also maintained a regular and prominent presence at the World Sauna Forum and similar industry events, where it is widely respected as

a thought leader and innovator in the field.

12.   Nordic Sauna has further developed its brand, "NORDIC SAUNA" to offer sauna products and services to its customers through its website <nordicsauna.com> and <sauna.com>.  Nordic Sauna has continuously in interstate commerce, owned and operated nordicsauna.com.com to sell Nordic Sauna branded sauna products, and third-party sauna products to its customers since as early as October 1974.

13.   Nordic Sauna's longstanding trademark rights in its Nordic Sauna mark are reflected in part by its United States federal trademark registration and application including:

| MARK | REG. NO. | CLASSES |
|---|---|---|
|  | Reg. No. 6,497,517 | Class 011 Saunas, infrared saunas, ice bathtubs, sauna heaters, sauna accessories, namely, sauna controls, sauna door handles, sauna heater guards, sauna humidifiers, sauna vents, sauna back rails and sauna heater rocks |
| NORDIC SAUNA | Appl. No. 99/193,572 | Class 011 Saunas, infrared saunas, ice bathtubs, sauna heaters, sauna accessories, namely, |

| | | sauna controls, sauna door handles, sauna heater guards, sauna humidifiers, sauna vents, sauna back rails and sauna heater rocks |
|---|---|---|

(collectively referred to herein as the "Nordic Sauna Marks"). The registration is valid, subsisting and constitute conclusive evidence of Nordic Sauna's exclusive right to use the Nordic Sauna Marks for the goods and services specified in the registrations. 15 U.S.C. § 1115(b). Copies of Nordic Sauna's trademark registration certificates are attached hereto as Exhibit A.

14.   As a result of Nordic Sauna's extensive sales, promotion, and advertising of its products through the Nordic Sauna website, the Nordic Sauna Marks have become well-known, and represent an extraordinary valuable goodwill to Nordic Sauna.

**Defendants' Infringing Use of the Nordic Sauna Marks**

15.   On or around April 2025, Nordic Sauna first became aware of the website <Nordicasauna.com> (the "Infringing Domain Name") that operates an online retail store selling saunas, under the name "Nordica" or "Nordica Sauna".

1    16.    On information and belief, Defendants own and operate the both the

2  Nordica Sauna business, and the nordicasauna.com website.





17.    While Defendants use the nearly identical mark of "Nordica," and they
also use the identical trademark of Plaintiff, "Nordic Sauna" as well as can be seen
on their About Us page < https://nordicasauna.com/pages/about-us>:



## Get Started

If you have any questions about Nordic Sauna or any of our products, we're always available to fill you in at 877-587-5387 or customercare@nordicasauna.com.

**Proud Members**      THE NORTH AMERICAN

18.     Since Defendant Nordica Sauna began using the infringing "Nordica Sauna" name in commerce, Plaintiff Nordic Sauna has encountered multiple documented instances of actual confusion among both customers and vendors— further evidencing the likelihood of confusion between the parties' marks.

19.     Throughout 2024 to present, multiple customers and vendors contacted Plaintiff's office seeking clarification on products or documents they mistakenly believed originated from Plaintiff.

20.     Defendant's unauthorized use of the confusingly similar name "Nordica Sauna" has caused actual confusion among consumers, as evidenced by a written communication directed to Plaintiff. On or about March 8, 2025, a consumer, Brian Freeman, submitted an inquiry stating that he had purchased a sauna product— specifically a "Finnmark FD-4"—through "Nordic Sauna," and complained that the sauna unit was malfunctioning. Mr. Freeman indicated he had repeatedly contacted "Nordic Sauna" for support and was not receiving assistance, expressing frustration that "your company is not responding," mistakenly referring to Plaintiff.

21.     In response, Plaintiff's representative informed Mr. Freeman that Plaintiff does not sell the referenced sauna model and has no affiliation with the transaction in question. Plaintiff further identified a website operating at www.nordicasauna.com—controlled by Defendant—which incorporates a mere addition of the letter "a" to Plaintiff's NORDIC SAUNA mark and is registered to a mailbox address in Las Vegas. Plaintiff expressly disclaimed any connection to that

1   site or business.

2       22.    This customer communication is a clear example of actual confusion in

3   the marketplace, demonstrating that Defendant's use of the "Nordica Sauna"

4   designation has led consumers to mistakenly believe they are dealing with Plaintiff,

5   to Plaintiff's detriment. Defendant's conduct has caused and continues to cause harm

6   to Plaintiff's brand reputation, customer goodwill, and business operations.

7       23.    The incident further demonstrates the harm to Plaintiff's reputation and

8   goodwill, as Nordic Sauna was forced to respond to an inquiry related to a

9   competitor's product, creating the risk of customer dissatisfaction and lost business

10  if expectations were not met.

11      24.    In addition to direct consumer confusion, Plaintiff has also discovered

12  evidence of confusion on third-party websites. On at least one such website,

13  (<huumsauna.com>), the operator of that site attempting to identify or review

14  Defendant Nordica Sauna have mistakenly listed the physical address of Plaintiff

15  Nordic Sauna—14831 Bessemer Street, Van Nuys, California 91411—as

16  Defendant's place of business. This misattribution of Plaintiff's actual address to

17  Defendant by unaffiliated third parties further underscores the widespread and

18  pervasive confusion caused by the near-identical nature of the parties' names and

19  overlapping goods.

20      25.    Such false associations not only mislead consumers and damage

21  Plaintiff's brand, but also create logistical problems, including misdirected mail,

22  service inquiries, and unwarranted reputational risk based on Defendant's business

23  practices

24              **DEFENDANT'S FRAUDULENT TRADEAMRK FILING**

25      26.    On or around April 2025, Nordic Sauna also learned, that the

26  Defendant, NSL filed the trademark application Serial No. 98508861 for

27  NORDICA.

28      27.    Plaintiff swiftly filed an Opposition Proceeding No. 91298427 with the

Trademark Trial and Appeal Board on April 18, 2025.

28.    Shortly after the filing of Plaintiff's Opposition, NSL withdrew its '861 application, causing the proceeding to terminate.  The Board thereafter entered a judgment against Defendant NSL sustaining the opposition and refusing registration with prejudice.

29.    However, even after the Board's judgment, Defendants willfully continue to use the Infringing Domain Name, which incorporate the term "Nordica Sauna " and are confusingly similar to Plaintiff's Nordic Sauna Marks, and advertises for services and goods that are directly in competition with Nordic Sauna in the same marketplace.

30.    At the time the Infringing Domain Name were registered, Plaintiff's Nordic Sauna Marks were distinctive.

31.    Defendants use of the Infringing Domain Name is in bad faith with the intent to divert traffic and to profit from the Nordic Sauna Marks.

32.    These repeated and ongoing incidents of actual confusion are direct evidence of the likelihood of consumer confusion and support Plaintiff's claims under 15 U.S.C. § 1114 and § 1125(a). Defendant's conduct is causing immediate and irreparable harm to Plaintiff's goodwill, reputation, and business relationships.

**Harm to Nordic Sauna**

33.    As a result, Defendants' aforementioned acts of trademark infringement, unfair competition, and violations of the Anti-cybersquatting Consumer Protection Act, potential customers are likely to be deceived as to the source of Defendants' services and products, as well as the source or affiliation of the parties' services and products. Defendants' infringing activities have caused and will continue to cause irreparable harm to Nordic Sauna and to the goodwill and reputation it owns in its products.

# FIRST CLAIM

## Trademark Infringement – 15 U.S.C. § 1114

34.     Nordic Sauna realleges the allegations contained in Paragraphs 1 through 33 above as if fully set forth herein.

35.     Nordic Sauna is the exclusive owner of each of the federally-registered Nordic Sauna Marks.

36.     Nordic Sauna has the exclusive right to use each of the Nordic Sauna Marks in United States commerce for, inter alia, advertising, promoting, offering for sale, and selling goods including sauna and skincare products.

37.     Nordic Sauna's exclusive rights in and to the Nordic Sauna Marks predate any rights that Defendants could establish in and to any mark that consists of "Nordic Sauna " in whole and/or in part.

38.     Defendants are using the Nordic Sauna Marks in commerce to advertise, promote, offer for sale, and sell its sauna and skincare products. Defendants' use of the Nordic Sauna  Marks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of products, as alleged herein, is causing and is likely to continue causing consumer confusion, mistake, and/or deception about whether Defendant is Nordic Sauna, and/or whether Defendant is a licensee, authorized distributor, and/or affiliate of Nordic Sauna and/or products that Nordic Sauna offers under its Nordic Sauna Marks.

39.     On information and belief, and based on Nordic Sauna's longstanding and continuous use of the Nordic Sauna Marks in United States commerce, as well as the federal registration of the Nordic Sauna Marks, Defendants had actual and constructive knowledge of Nordic Sauna's superior rights in and to the Nordic Sauna Marks when Defendants began using the Nordic Sauna Marks as part of its bad-faith scheme to confuse and deceive consumers as alleged herein.

40.     Upon information and belief, Defendants adopted and uses the Nordic Sauna Marks in furtherance of Defendants' willful, deliberate, and bad-faith scheme

of exploiting the extensive consumer goodwill, reputation, fame, and commercial success of products that Nordic Sauna offers under its Nordic Sauna Marks including, without limitation, sauna products.

41.     Defendants' use of the Nordic Sauna Marks is, on information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

42.     On information and belief, Defendants have made, and will continue to make, profits and gain from its unauthorized use of Nordic Sauna's Nordic Sauna Marks, to which Defendants are not entitled at law or in equity.

43.     Defendants' aforesaid acts constitute trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     On information and belief, Defendant's aforesaid acts of infringement are willful and intentional.

45.     Nordic Sauna has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

46.     Defendants' aforesaid acts greatly and irreparably damage Nordic Sauna, and will continue to cause damage unless restrained by this Court. Therefore, Nordic Sauna is without an adequate remedy at law.

47.     As a direct and proximate results of this trademark infringement, Nordic Sauna has suffered and continues to suffer monetary damages in an amount to be determined.

48.     The willful and intentional nature of Defendants' trademark infringement makes this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CLAIM

**Unfair Competition, False Association, and False Designation of Origin**

**– 15 U.S.C. § 1125**

49.    Nordic Sauna realleges the allegations contained in Paragraphs 1 through 48 above as if fully set forth herein.

50.    Defendants' unauthorized use of the Nordic Sauna Marks has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Defendants' services and products are put out by Nordic Sauna, or that they are sponsored by Nordic Sauna or connected or affiliated with Nordic Sauna's products.

51.    Defendants' use of the Nordic Sauna Marks is, on information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

52.    Defendants' aforesaid acts constitute unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

53.    On information and belief, Defendant's aforesaid acts of unfair competition are willful and intentional.

54.    Defendant's aforesaid acts greatly and irreparably damage Nordic Sauna, and will continue to cause damage unless restrained by this Court. Therefore, Nordic Sauna is without an adequate remedy at law.

55.    As a direct and proximate result of this false designation of origin, Nordic Sauna has suffered and continues to suffer monetary damages in an amount to be determined.

56.    The willful and intentional nature of Defendant's unfair competition makes this an exceptional case under 15 U.S.C. § 1117(a).

- 12 -

COMPLAINT

## THIRD COUNTERCLAIM

### Anti-cybersquatting Consumer Protection Act – 15 U.S.C. § 1125

57.     Nordic Sauna realleges the allegations contained in Paragraphs 1 through 56 above as if fully set forth herein. Defendants have used the Infringing Domain Names.

58.     On information and belief, Defendants operate the websites located at the Infringing Domain Names and, as such, is an authorized licensee of the registrant of the Infringing Domain Names.

59.     The Infringing Domain Name, <nordicasauna.com> is confusingly similar to the Nordic Sauna Marks. Upon information and belief, Applicant's NORDICASAUNA.COM domain was first registered on November 10, 2022.

60.     The Nordic Sauna Marks were registered and distinctive at the time the Infringing Domain Name was registered.

61.     Defendants used the Infringing Domain Name with a bad faith intent to profit from the Nordic Sauna Marks.

62.     Despite Defendants' actual knowledge of Nordic Sauna's rights in its Nordic Sauna Marks, Defendants continues to use at least some of the Infringing Domain Name with a bad faith intent to profit from the Nordic Sauna Marks.

63.     Defendants' actions constitute cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

64.     Defendants' acts greatly and irreparably injure Nordic Sauna and will continue to so injure Nordic Sauna unless restrained by this Court; wherefore, Nordic Sauna is without an adequate remedy at law.

## FOURTH COUNTERCLAIM

### California Business & Professions Code §§ 17200 et seq.

65.     Nordic Sauna realleges the allegations contained in Paragraphs 1 through 64 above as if fully set forth herein.

66. Without Nordic Sauna's consent, Defendants have appropriated the Nordic Sauna Marks for its own use.

67. Defendants have used the Nordic Sauna Marks in connection with its sauna services and with the sale, offering for sale, distribution, and/or advertising of medical products. Defendant's unauthorized use of the Nordic Sauna Marks has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that Defendants' services and products are put out by Nordic Sauna, or that they are sponsored by Nordic Sauna or connected or affiliated with Nordic Sauna's.

68. Defendant's acts are likely to injure and, on information and belief, have injured Nordic Sauna's reputation in California by causing customer dissatisfaction, a diminution in value of the goodwill associated with the Nordic Sauna Marks, and a loss of Nordic Sauna's sales and market share to its competition.

69. Defendants' aforesaid acts proximately caused injury to Nordic Sauna in the form of damages and injury to Nordic Sauna's reputation.

70. On information and belief, Defendants' aforesaid acts have been committed deliberately and willfully, with knowledge of Nordic Sauna's exclusive rights and goodwill in the Nordic Sauna Marks and with a bad faith intent to cause confusion and trade on Nordic Sauna's goodwill.

71. Defendants' aforesaid acts constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

## FIFTH CLAIM

### Unfair Competition in Violation of California Common Law

72. Nordic Sauna realleges the allegations contained in Paragraphs 1 through 71 above as if fully set forth herein.

73. Defendants' use of the Nordic Sauna Marks has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others

- 14 -
COMPLAINT

have assumed, and are likely to continue assuming, that Defendant's products are put out by Nordic Sauna, or that they are sponsored by Nordic Sauna or connected or affiliated with Nordic Sauna's products.

74.    Defendants' use of the Nordic Sauna Marks is, on information and belief, done with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

75.    Defendants' aforesaid acts constitute unfair competition, in violation of California common law.

76.    On information and belief, Defendants' aforesaid acts of unfair competition are willful and intentional.

77.    Defendants' aforesaid acts greatly and irreparably damage Nordic Sauna, and will continue to cause damage unless restrained by this Court. Therefore, Nordic Sauna is without an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Nordic Sauna prays for judgment against Defendants, and each of them, as follows:

A.    An Order:

1. Finding in Nordic Sauna's favor on each Cause of Action asserted herein;

2. Permanently enjoining Defendants, its agents, servants, employees, officers and all persons and entities in active concert and participation with them from using the Nordic Sauna Marks (or any other mark(s) confusingly similar thereto) for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services;

3. Permanently enjoining Defendants, its agents, servants, employees, officers and all persons and entities in active concert and participation

with them from registering or maintaining any registration of the Infringing Domain Name or any other names, words, designations or symbols consisting of, incorporation in whole or part, or otherwise confusingly similar to the Nordic Sauna Marks or any other trade names, trademarks or service marks of Nordic Sauna;

4. Ordering Defendants, its agents, servants, employees, officers and all persons and entities in active concert and participation with them to transfer to Nordic Sauna the Infringing Domain Name and any other infringing domain names, including by not limited to social media accounts such, instagram.com/saunanordica as may be determined by the Court as appropriate herein for relief;

5. Ordering Defendants to disclose to the Court all other domain name registrations owned directly or indirectly by Defendants, or by entities in which Defendants has a financial interest, to permit the Court and Nordic Sauna to consider whether any such other domain name registrations should be subject to relief in this matter; and

6. Ordering Defendants to file with the Court and serve upon Nordic Sauna's counsel, within 30 days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the injunction, in accordance with 15 U.S.C. § 1116;

B.    An Order that Defendants provide Nordic Sauna with a full accounting of all manufacture, distribution, and sale of products under the Nordic Sauna Marks, as well as all profits derived therefrom;

C.    An Order that Defendants pay to Nordic Sauna all of Defendants' profits derived from the sale of infringing goods and services offered under the Nordic Sauna Marks in accordance with 15 U.S.C. § 1117(a) and California common

- 16 -
COMPLAINT

1  law, and Nordic Sauna asks that this award be trebled in accordance with 15 U.S.C.

2  § 1117(a);

3      D.    Find that Defendants' acts and conduct complained of herein render this

4  case "exceptional";

5      E.    Award Nordic Sauna its costs and reasonable attorneys' fees incurred

6  in this matter in accordance with 15 U.S.C. § 1117(a);

7      F.    An Order that Defendants destroy all unauthorized goods and materials

8  within the possession, custody, and control of Defendants that bear, feature, and/or

9  contain any copy or colorable imitation of the Nordic Sauna Marks;

10     G.    An Order that Defendants pay statutory damages in the amount of

11  $100,000 per infringing domain name, in accordance with 15 U.S.C. § 1117(d).

12     H.    Award Nordic Sauna pre-judgment and post-judgment interest against

13  Defendants; and

14     I.    Award Nordic Sauna such other relief that the Court deems just and

15  equitable.

16

17  Dated:  June 23, 2025                    COHEN IP LAW GROUP, P.C.

18

19                                  By:  /s/Michael N. Cohen/
                                        Michael N. Cohen
20                                      Attorneys for Plaintiff
                                        Nordic Sauna, LLC
21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3      Pursuant to F.R.C.P. 38(b), Plaintiff, Nordic Sauna, LLC, limited liability company demands a trial by jury for all claims.

4

5    Dated:  June 23, 2025                    COHEN IP LAW GROUP, P.C.

6

7                                      By:   */s/Michael N. Cohen/*

8                                            Michael N. Cohen
                                             Attorneys for Plaintiff
9                                            Nordic Sauna, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -
COMPLAINT