James E. Doroshow (SBN 112920)
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 228-6990
Facsimile: (310) 556-9828
Email: JDoroshow@FoxRothschild.com

Attorneys for Defendant
NORDICA SAUNA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NORDIC SAUNA, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NORDICA SAUNA, LLC, a Wyoming Limited Liability Company, CHRIS TESTER, an individual; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:25-cv-05713<br><br>Judge: Hon. John A. Kronstadt<br><br>**NORDICA SAUNA, LLC'S ANSWER TO COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Complaint Filed: June 23, 2025 |

1

NORDICA SAUNA, LLC'S ANSWER TO COMPLAINT

Defendant Nordica Sauna, LLC ("Nordica"), by and through its undersigned counsel for itself alone, hereby answers the Complaint of Plaintiff Nordic Sauna, LLC ("Nordic Sauna" or "Plaintiff") as follows. Except as expressly alleged, averred, or admitted, Nordica denies each and every allegation of the Complaint[1].

## ALLEGATIONS RELATING TO THE PARTIES

1. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1. Accordingly, these allegations are denied.

2. Denied as stated. Nordica admits that it is a limited liability company organized and existing under the laws of the State of Wyoming. Nordica further admits that it has a registered agent address at 30 N. Gould St Ste R., Sheridan, Wyoming, 82801. Nordica denies the remaining allegations of Paragraph 2.

3. Denied.

4. Denied as stated. Nordica admits that Nordica conducts business in California. Nordica denies all remaining allegations in Paragraph 4, including that it sells any infringing goods in Los Angeles, California.

5. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. Accordingly, these allegations are denied.

6. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. Accordingly, these allegations are denied.

## ALLEGATIONS RELATING TO JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 set forth legal conclusions to which no response is required. To the extent necessary, Nordica admits that federal courts generally have subject-matter jurisdiction over claims for trademark infringement in the United States relating to United States trademark claims and registrations.

---

[1] Nordica does not respond to Plaintiff's Complaint on behalf of any other party because, from Nordica's understanding and as reflected on the Docket, no other individual or entity has yet been served in this litigation and are therefore are not yet parties to the case. All answers and denials are on behalf of Nordica Sauna, LLC alone at this time.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Nordica does not contest personal jurisdiction for purposes of this action only but denies the remaining allegations of Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Nordica does not contest venue for purposes of this action only and denies the remaining allegations of Paragraph 9.

## ALLEGED FACTS

### Nordic Sauna's Alleged Nordic Sauna Brand

10. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Accordingly, these allegations are denied.

12. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

13. Nordica admits that the table in Paragraph 13 purports to identify a United States Trademark Registration and United States Trademark Application associated with two alleged trademarks. Nordica further states that although Exhibit A purports to be copies of the certificates of "registrations" for the alleged trademarks, Exhibit A is not attached to the Complaint, nor was it served on Nordica. Further, Plaintiff only alleges to own one trademark registration, so "copies of the **certificates of registrations**" could not be attached (emphasis added). Nordica lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13. Accordingly, these allegations are denied.

14. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Accordingly, these allegations are denied.

### Defendants' Allegedly Infringing Use of the Alleged Nordic Sauna Marks

15. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 as stated. Accordingly, these allegations are denied.

16. Denied as stated. Nordica admits that it owns the domain name https://nordicasauna.com. Nordica further admits that it operates its business through https://nordicasauna.com. Nordica denies the remaining allegation contained in Paragraph 16, including by denying any characterization of Nordica's business particularly since Nordica does not manufacture or sell any "Nordica Sauna" branded products.

17. Denied as stated. Nordica admits that https://nordicasauna.com/pages/about-us is the "About Us" page on its website. Nordica further admits that it uses the phrase NORDICA SAUNA in connection with its business. Nordica denies all remaining allegations in Paragraph 17, including denying that it uses the phrase "Nordic Sauna" as a trademark, but instead, any use of the phrase "Nordic Sauna" was either an inadvertent typographical error that has since been corrected or a merely descriptive use of the term to refer to a specific type of sauna.

18. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18. Accordingly, these allegations are denied, and Nordica specifically denies that Nordica's use of the phrase "Nordica Sauna" infringes on any of Plaintiff's alleged trademark rights or creates a likelihood of confusion.

19. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19. Accordingly, these allegations are denied.

20. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20. Accordingly, these allegations are denied, and Nordica specifically denies that any of its actions have caused any actual or potential confusion among consumers.

21. Nordica lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21. Accordingly, these allegations are denied, and Nordica specifically denies that any single instance demonstrates any alleged actual or potential confusion between Nordica and Plaintiff.

22. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica

denies the allegations of Paragraph 22, and Nordica specifically denies that any single instance demonstrates any alleged actual or potential confusion between Nordica and Plaintiff.

23. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 23, and Nordica specifically denies that any single instance demonstrates any alleged actual or potential confusion between Nordica and Plaintiff and Nordica further denies that it manufactures or sells any "competitor's product" since Nordica does not manufacture or sell Nordica branded products.

24. The allegations contained in Paragraph 24 state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 24, and Nordica specifically denies that any single instance demonstrates any alleged actual or potential confusion between Nordica and Plaintiff.

25. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 25, and Nordica specifically denies that any single instance demonstrates any alleged actual or potential confusion between Nordica and Plaintiff.

**DEFENDANT'S ALLEGEDLY FRAUDULENT TRADEMARK FILING**

26. Nordica admits that it filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the stylized wordmark, nordica . Nordica lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26. Accordingly, these allegations are denied.

27. Nordica admits that an Opposition Proceeding was filed by Plaintiff against its trademark application on April 18, 2025. Nordica lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27. Accordingly, these allegations are denied.

28. Denied as stated. Nordica admits that it withdrew its trademark application.

1  The order entered by the Board is a public record and speaks for itself.  Nordica therefore
2  denies any characterization by Plaintiff of said order and the related proceedings before the
3  Board, and as such, denies the remaining allegations of Paragraph 28.

4       29.    Denied as stated.  Nordica admits that it legally uses its website and the phrase
5  "Nordica Sauna" in connection with the resale of third-party goods.  Nordica denies the
6  remaining allegations of Paragraph 29, and Nordica specifically denies that any use of the
7  phrase "Nordica Sauna" infringes any alleged trademark rights of Plaintiff or creates any
8  actual or likelihood of confusion.

9       30.    The allegations contained in this paragraph state legal arguments or
10 conclusions to which no response is required.  To the extent a response is required, Nordica
11 denies the allegations of Paragraph 30 and specifically denies that the alleged Nordic Sauna
12 Marks are, or have ever been, distinctive.

13      31.    Denied.

14      32.    The allegations contained in this paragraph state legal arguments or
15 conclusions to which no response is required.  To the extent a response is required, Nordica
16 denies the allegations of Paragraph 32, and Nordica specifically denies that any of its
17 conduct has caused any harm to Plaintiff or created actual or a likelihood of confusion.

18 **Alleged Harm to Nordic Sauna**

19      33.    The allegations contained in this paragraph state legal arguments or
20 conclusions to which no response is required.  To the extent a response is required, Nordica
21 denies the allegations of Paragraph 33, and Nordica specifically denies that any of its
22 conduct has caused, or will cause, any harm to Plaintiff, including creating any actual or
23 likelihood of confusion or deception.

24 **FIRST CLAIM**
25 **Alleged Trademark Infringement – 15 U.S.C. § 1114**

26      34.    Nordica repeats and realleges the preceding paragraphs 1-33 as if fully set forth
27 herein.

28      35.    The allegations contained in this paragraph state legal arguments or

conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 35 and specifically denies that Plaintiff currently has a valid or enforceable trademark or more than one federally registered trademark.

36. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 36.

37. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 45, and Nordica specifically denies that any of its conduct has caused, or will cause, any harm to Plaintiff.

46. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 46, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage to Plaintiff.

47. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 47, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage to Plaintiff.

48. Denied.

## SECOND CLAIM

**Alleged Unfair Competition, False Association, and False Designation of Origin – 15 U.S.C. § 1125**

49. Nordica repeats and realleges the preceding paragraphs 1-48 as if fully set forth herein.

50. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 50.

51. Denied.

52. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 52.

53. Denied.

54. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 54, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage to Plaintiff.

55. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 55, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage to Plaintiff.

56. Denied.

## THIRD COUNTERCLAIM [sic]

**Alleged Anti-cybersquatting Consumer Protection Act – 15 U.S.C. § 1125**

57. Nordica repeats and realleges the preceding paragraphs 1-56 as if fully set forth herein.

58. Denied as stated. Nordica admits that it owns the domain name

NORDICASAUNA.COM and operates its business through that website.  Nordica denies the remaining allegations of Paragraph 58.

59. Denied as stated.  Nordica admits that it first registered the domain name NORDICASAUNA.COM on November 10, 2022.  The remaining allegations contained in this paragraph state legal arguments or conclusions to which no response is required.  To the extent a response is required, Nordica denies the allegations of Paragraph 59.

60. The allegations contained in this paragraph state legal argument or conclusions to which no response is required.  To the extent a response is required, Nordica denies the allegations of Paragraph 60.

61. Denied.

62. Denied.

63. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required.  To the extent a response is required, Nordica denies the allegations of Paragraph 63.

64. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required.  To the extent a responsive pleading is required, Nordica denies the allegations of Paragraph 64, and Nordica specifically denies that any of its conduct has caused, or will cause, any injury to Plaintiff.

## FOURTH COUNTERCLAIM [sic]

### Alleged California Business & Professions Code §§ 17200 et seq

65. Nordica repeats and realleges the preceding paragraphs as if set forth herein.

66. Denied.  Nordica denies that it had a duty to seek Plaintiff's consent for the lawful use by it of the "NORDICA" term or any other term.  Nordica denies all remaining allegations in this paragraph.

67. Denied.

68. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required.  To the extent a response is required, Nordica denies the allegations of Paragraph 68, and Nordica specifically denies that any of its

conduct has caused, or will cause, any injury to Plaintiff.

69. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 69, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage or injury to Plaintiff.

70. Denied.

71. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 71.

# FIFTH CLAIM

## Alleged Unfair Competition in Violation of California Common Law

72. Nordica repeats and realleges the preceding paragraphs 1-71 as if fully set forth herein.

73. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 73.

74. Denied.

75. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 75.

76. Denied.

77. The allegations contained in this paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Nordica denies the allegations of Paragraph 77, and Nordica specifically denies that any of its conduct has caused, or will cause, any damage to Plaintiff.

//
//
//

## NORDICA'S AFFIRMATIVE AND OTHER DEFENSES

By asserting these affirmative and other defenses, Nordica does not admit that it necessarily bears the burden of proof or persuasion for any of the defenses or issues alleged below. Moreover, at this time, Nordica has insufficient information and knowledge upon which to form a belief as to whether additional defenses are or may later become available to it. Nordica reserves the right to amend its response to the Complaint to add, delete or modify defenses based on additional facts and legal theories which it may or will learn, including that which may be divulged through clarification of the Complaint, through discovery, through change, or clarification of governing law, or through further analysis of Plaintiff's allegations and claims in this litigation. Subject to the foregoing, and without prejudice to its denial or other responses to the allegations in Plaintiff's Complaint, for its affirmative and other defenses in this action, Nordica hereby asserts and alleges the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. By way of a non-limiting example, the Complaint fails to state a claim upon which relief can be granted because the use of the terms "Nordica" and/or "Nordica Sauna," as alleged by Plaintiff, do not constitute trademark infringement or any other valid claim and are therefore not actionable. Further, several of Plaintiff's allegations and claims, including, but not limiting to, Plaintiff's cybersquatting claim and allegations of willful misconduct and bad faith are merely conclusory and unsupported.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Nordica are barred by one or more of the doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, unenforceability, and/or any other equitable remedy. For example, Nordica as it alleges in its Counterclaims, is a part of the North American Sauna Society and has been a member since February 7, 2023. Ali Kemme, Plaintiff's Chief Financial Officer and Kim Temme, Plaintiff's Chief Executive Officer, are listed as current and/or sitting board members on the North American

Sauna Society. *See* https://www.saunasociety.org/about. Upon information and belief, Kim Temme has been a board member with the North American Sauna Society since at least November 18th, 2021. Contrary to Plaintiff's assertions in its Complaint (¶ 15), Plaintiff has known or should have known about Nordica since as early as at least February 2023. Plaintiff's claims are, therefore, barred under the doctrine of laches and other defenses.

Plaintiff has also failed to police the market for use of the phrase "NORDIC SAUNA" and that phrase has been widely used in the sauna industry and others by many to describe a specific type of sauna and related services. The phrase "NORDIC SAUNA" is generic or at minimum descriptive. It has also been abandoned and/or forfeited, including due to Plaintiff's acquiescence with and by ignoring the rampant use of it as a commonly used phrase in commerce.

Further, evidence of Plaintiff's unclean hands is evidenced by its submissions to the United States Patent and Trademark Office ("USPTO"). In fact, among other examples, Plaintiff committed fraud on the USPTO by submitting a specimen for its trademark application in October 2022 when, upon information and belief, it knew that it had abandoned or would be abandoning said mark. Plaintiff is now wrongfully attempting to enforce a registration for an alleged trademark against Nordica, which was not only fraudulently obtained, but that Plaintiff has abandoned. Plaintiff has abandoned any rights to any registered mark by changing the design of the mark and simply using a descriptive term rather than as a source identifier.

### THIRD AFFIRMATIVE DEFENSE

Nordica has not infringed any applicable trademark under federal or state law. Nordica has not directly infringed any alleged trademark owned by Plaintiff and any use by Nordica of the phrase "NORDICA SAUNA" has not and will not cause consumer confusion, does not infringe upon any registered trademark allegedly owned by Plaintiff, does not constitute unfair competition under the Lanham Act, and does not constitute false designation or origin.

//

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trademark terms are generic, or at least merely descriptive, lack necessary distinctiveness, and have not acquired the required secondary meaning to legally function as source identifiers under applicable United States law. Plaintiff's alleged trademarks should therefore be cancelled and/or denied registration, as they are generic, merely descriptive, and/or lack necessary distinctiveness to legally function as trademarks under applicable United States law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trademarks are not entitled to protection due to the existence of a crowded field and Plaintiff's failure to police its alleged trademarks. *See, e.g.*, *Miss World (UK) Ltd. v. Mrs. Am. Pageants, Inc.*, 856 F.2d 1445, 1449 (9th Cir. 1988) ("a mark which is hemmed in on all sides by similar marks on similar goods cannot be very 'distinctive.' It is merely one of a crowd of marks. In such a crowd, customers will not likely be confused between any two of the crowd and may have learned to carefully pick out one from the other"); *see also Halo Mgmt., LLC v. Interland, Inc.*, 308 F. Supp. 2d 1019, 1034 (N.D. Cal. 2003); § 11:85. Crowded trademark markets, 1 McCarthy on Trademarks and Unfair Competition (5th ed.) ("In a 'crowded' field of look-alike marks, each member of the crowd is relatively 'weak' in its ability to prevent use by others in the crowd"). Here, both the terms "Nordic" and "Sauna," alone or in combination, are so common and necessary to identify the type of sauna products, and related services at issue in commerce. As such, Plaintiff cannot possibly claim the exclusive right to use these terms or other trademark rights in commerce relating to said products and/or services. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1143–44 (9th Cir. 2002) ("the common and necessary uses of the word 'entrepreneur' provide strong evidence that EMI cannot have the exclusive right to use the word 'entrepreneur' in any mark identifying a printed publication addressing subjects related to entrepreneurship").

Any alleged confusion is simply attributable to Plaintiff's selection of a descriptive and/or generic mark in a crowded field, not due to any act of Nordica.

## SIXTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a valid claim, there has been no damage in any amount, manner or at all by reason of any act of Nordica alleged in the Complaint and any of the relief prayed for in the Complaint therefore cannot and should not be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Nordica are barred because Plaintiff's alleged damages or injuries, if any, were not caused by Nordica.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm as a result of any of Nordica's actions.

## NINTH AFFIRMATIVE DEFENSE

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is therefore not entitled to equitable relief.

## TENTH AFFIRMATIVE DEFENSE

Nordica is informed and believes, and on that basis alleges that Plaintiff's claims against Nordica are barred, in whole or in part, because of a failure to mitigate damages, if any damages or injury exists or can be proven at all.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief relating to willful infringement are barred because none of any alleged acts of infringement or other conduct was or is willful.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Nordica under the fair use doctrine, including, but not limited to, classic and nominative fair use. Nordica's alleged use of the asserted trademark is not use of the term for trademark purposes, and Nordica has used any reference to Plaintiff and/or its products or services, if any, fairly and/or in good faith to refer to its own goods, services and business. Nordica has taken no action to imply or refer to any association or affiliation between Plaintiff and Nordica.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff abandoned any rights in the purported trademark by failing to prevent extensive use of same by third parties without license or permission on and in connection with numerous products and services in the same or related industries.

Further, Plaintiff has ceased using its design and word mark claimed in U.S. Trademark Registration No. 6497517 ("NS Combined Mark"). NS has therefore demonstrated an intent to abandon the NS Combined Mark since at least by August 2020 when it replaced the NS Combined Mark with a new logo on its website. As such, NS has abandoned its ability to enforce the NS Combined Mark.

### FOURTEENTH AFFIRMATIVE DEFENSE

Nordica presently has insufficient knowledge or information to form a belief as to whether additional affirmative defenses are available. Accordingly, Nordica hereby expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates or other sources disclose such defenses are relevant or appropriate in this litigation.

### PRAYER FOR RELIEF

No answer is required to the allegations contained in Plaintiff's prayer for relief. To the extent a response is required, Nordica denies that it engaged in any alleged misconduct and denies that Plaintiff is entitled to any of the relief that it seeks. Nordica also seeks and is entitled to dismissal of all of Plaintiff's claims in this action with prejudice, an award of attorneys' fees and costs itself as the prevailing party in this action and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

No answer is required to Plaintiff's demand for jury trial. To the extent a response is required, Nordica demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

WHEREFORE, having fully answered Plaintiff's Complaint, Nordica prays that this Court deny all relief sought by Plaintiff, enter judgment in favor of Nordica against Plaintiff

on all claims, award Nordica its costs, attorneys' fees, and expenses and grant Nordica such other and further relief as this Court deems just and proper.

DATED: August 11, 2025                    FOX ROTHSCHILD LLP


                                          By /s/ *James E. Doroshow*
                                             James E. Doroshow
                                             Attorneys for Defendant
                                             Nordica Sauna, LLC