James E. Doroshow (SBN 112920)
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 228-6990
Facsimile: (310) 556-9828
Email: JDoroshow@FoxRothschild.com

Attorneys for Defendant
NORDICA SAUNA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NORDIC SAUNA, LLC, a California Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORDICA SAUNA, LLC, a Wyoming Limited Liability Company, CHRIS TESTER, an individual; and DOES 1-10,<br><br>　　　　Defendants. | CASE NO. 2:25-cv-05713<br><br>Judge: Hon. John A. Kronstadt<br><br>**NORDICA SAUNA, LLC'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 23, 2025 |
| NORDICA SAUNA, LLC, a Wyoming Limited Liability Company,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>NORDICA SAUNA, LLC, a California Limited Liability Company,<br><br>　　　　Counterclaim-Defendant. | |

## COUNTERCLAIMS

Defendant and Counterclaimant Nordica Sauna, LLC ("Nordica"), by and through its undersigned counsel, for its Counterclaims against Nordic Sauna, LLC ("NS"), hereby alleges and states as follows:

## PARTIES

1.      Counterclaimant Nordica Sauna, LLC is a limited liability company organized and existing under the laws of the State of Wyoming and registered at 30 N. Gould St., Ste R, Sheridan, Wyoming, 82801.

2.      Upon information and belief, Counterclaim Defendant Nordic Sauna, LLC ("NS") is a California Limited Liability Company organized and existing under the laws of the State of California with its principal place of business located at 14831 Bessemer Street, Van Nuys, California 91411.  Upon further information and belief, Counterclaim Defendant NS conducts business in the Central District of California and is therefore subject to the jurisdiction of this Court.

3.      Nordica is informed and believes, and on that basis alleges, that NS was founded, and was owned and operated, by an individual named Alf G. Temme ("Temme").  Temme is believed to be an approximately 84-year-old individual who currently resides in Van Nuys, California.  It has been reported that Temme is a Swedish engineer and sauna manufacturer with significant historical ties to the Nordic region.

4.      Temme and NS have been forced to defend numerous lawsuits and arbitrations themselves.  These actions were filed by companies like Microsoft, Dell Inc. and Air France for illegal cybersquatting against NS and its owners.  Based on their own history of having to defend similar past lawsuits and arbitrations, NS and Temme are well aware of the burden and expense of litigation and are trying to pass that similar burden and expense onto Nordica as a means to try and force a settlement in this litigation.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because these Counterclaims arise under the Lanham Act, 15 U.S.C.

§ 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6.     Among other reasons, this Court has personal jurisdiction over NS, and venue is proper in this Judicial District, because NS has invoked the jurisdiction of this Court by filing a Complaint with this Court.  In addition, upon further information and belief, NS resides in this District, has its principal place of business in this District, and purposefully directs its business activities toward and within this forum.  On information and belief, NS also markets, advertises, offers, sells and distributes products in this District as well as throughout the United States.

## STATEMENT OF FACTS

### The Nordic Culture And Sauna Industry

7.     Nordic sauna culture is a deeply ingrained tradition emphasizing cleansing, relaxation and social connection.  It is more than just a bathing ritual; it is a way of life, deeply woven into the fabric of Nordic culture and identity.  Saunas are seen as sacred spaces, a place for both physical and mental rejuvenation.  Traditional Nordic saunas also represent a significant social component and are social spaces for families, friends and communities to gather, relax and connect.

8.     A traditional Nordic sauna experience historically involves alternating between a sauna session and a cold plunge or shower, repeating this cycle several times. This practice is rooted in Nordic tradition and is believed to offer a wide range of health benefits.

### Nordica's Business Model

9.     Nordica is a United States based authorized dealer and online retailer of sauna brands manufactured in several countries outside the United States, including those of the Nordic region.

10.     Nordica does not manufacture or sell its own branded products.  Instead, Nordica is a retailer for third-party companies' branded products.  A list of the brands of products that Nordica sells can be found on its website, https://nordicasauna.com/pages/brands.  Consumers are known to purchase saunas from

Nordica because of the third-party brands it offers rather than identifying Nordica as its name as the source or manufacturer of those products.

11.    Nordica has also been a member of the North American Sauna Society ("NASS") since February 7, 2023, which works to enhance wellness and healthy lifestyle through traditional sauna bathing as an essential part of good living.

12.    Upon information and belief, Kim Temme, the current Chief Executive Officer of NS, was a board member of the NASS when Nordica's membership was granted and was, therefore, aware of Nordica since at least February 2023.

13.    After starting its company in 2023, Nordica came up with the name "NORDICA" as a way to pay homage to and describe the Nordic lifestyle and region from which saunas originate.  As further detailed below, Nordica is a retailer for companies that manufacture their products in the Nordic region and/or design their products based upon Nordic inspired design.  For example, Nordica sells products from at least the following "Nordic" origin or inspired design sauna brands: Harvia, Auroom, SaunaLife, HUUM, Haljas House, Saunum and Finlandia.  Thus, the term "Nordica" merely describes, among others, the style, culture and geographic origin of many of the third-party brands Nordica offers and resells to consumers.

14.    Nordica is an online-only business with a distinct retail model and unique brand position.  Outside of a single instance where Nordica collaborated with its distribution partner on a single project at the request of a customer, Nordica has not, and does not, engage in the business of custom sauna work.

15.    As seen from the screenshot below, Nordica uses the stylized "NORDICA" mark to market its company:

*See* https://nordicasauna.com/.  As discussed further below, the design and use of the phrases, "NORDICA" and "NORDICA SAUNA" by Nordica is distinctly different in terms of how Counterclaim Defendant NS uses its alleged mark.

16.    Nordica has never used the phrase "NORDIC SAUNA" as a brand for any product or as a name for its company.  To the extent the phrase "NORDIC SAUNA" was ever used on Nordica's website, this single use was merely an unintentional typographical error and was promptly corrected.  All other uses of the terms "NORDIC" and "SAUNA" in connection with the sale of Nordica's third-party products have only been used in a descriptive manner in reference to the brands and the type of sauna Nordica sells.  Similarly, those third-party manufacturers use the terms "NORDIC" and "SAUNA" in the same descriptive manner on their respective websites.  *See e.g.*, https://saunalife.com/about/ and https://auroomwellness.com/auroom-sauna-the-most-beautiful-place-for-rebirth/.

17.    Customers purchasing saunas from Nordica are highly sophisticated consumers as the saunas Nordica markets and resells are specialized and generally highly priced products.  Because of the sophistication of the customer base, the likelihood of any potential confusion with NS is diminished, if not eliminated.

18.    Nordica's customers purchase from Nordica because they are looking for and are interested in one of the numerous third-party brands that Nordica distributes, advertises and resells.  Indeed, this is a key part of Nordica's advertising strategy.  For example, since Nordica sells Auroom Saunas, Nordica specifically targets customers searching for

"Auroom Saunas" on Google.

## The Meaning Of The Term "Nordic" And The Crowded Field

19.    As discussed above, the term "Nordic" is a geographically descriptive term, which is associated with the Nordic culture.

20.    In fact, Merriam-Webster's dictionary defines "Nordic" as "of or relating to the Germanic peoples of northern Europe and especially of Scandinavia."  Attached hereto as **Exhibit A** is a true and correct copy of a printout of the Merriam-Webster's dictionary definition of "Nordic" found at *https://www.merriam-webster.com/dictionary/Nordic*.

21.    Because of the popularity of saunas and related services in Nordic countries, it comes as no surprise that the term "Nordic" is broadly used in the sauna and spa industry to describe the goods and services that are offered or rendered in this industry.

22.    As seen below, and by way of a few examples only, many companies have used and continue to use the term "Nordic" to promote their goods and/or services in the sauna and spa industry.  These include, among others:

- "THE NORDIC" in connection with a spa and hotel (https://www.thenordicminneapolis.com);
- "NORDIC WAYS" in connection with saunas (https://nordicways.boutique/);
- "NORDIC HOT TUBS" in connection with hot tubs (https://www.nordichottubs.com/);
- "DRIP NORDIC SAUNA" in connection with sauna services (https://www.drip-sauna.com/);
- "RIVER BIRCH NORDIC SAUNA" in connection with sauna services (https://www.riverbirchsauna.com/);
- "LOYLY NORDIC SPA" in connection with sauna services (https://www.loylynordicspa.com/);
- "NORDIC SPA MOUNT BOHEMIA" in connection with sauna services (https://mbnordicspa.com/);

- "ALYESKA NORDIC SPA" in connection with sauna services (https://anordicspa.com/);
- "NORDIC SPA KLUB" in connection with sauna services (https://nordicspaklub.com/);
- "CEDAR + STONE NORDIC SAUNA" in conjunction with sauna services (https://cedarandstonesauna.com/);
- "NORDIC NIGHT SAUNA" in connection with sauna services (https://www.nordicnightsauna.com/);
- "SISU NORDIC SAUNA" in connection with sauna services (https://www.sisuandloyly.com/);
- "RITUAL NORDIC SPA" in connection with spa and sauna services (https://ritualnordicspa.com/); and
- "BROOKSTONE NORDIC SAUNAS" in connection with custom saunas (https://www.brookstonenordicsaunas.com/).

A true and correct compilation of printouts found on these websites is attached as **Exhibit B**.

23. As shown in Exhibit B, many other companies offering the same or similar services as NS, use the phrase "NORDIC SAUNA" to describe and promote their goods and services. For example, Brookstone Nordic Sauna's website explains that it is their mission to "bring the authentic **Nordic sauna** experience" to consumers' homes. *See e.g.*, https://www.brookstonenordicsaunas.com/about-brookstone/ (emphasis added). At the same time, it also discusses the "rich traditions of **Nordic sauna** culture." *Id.* (emphasis added).

24. Similarly, River Birch Nordic Sauna describes how it provides "a guided sauna experience to help you learn the health benefits, the practice, and the history of the traditional **Nordic sauna**." *See* https://www.riverbirchsauna.com/faqs (emphasis added).

25. Even spas, like Ritual Nordic Spa and Sisu + Loyly, offer services like "a two-hour **Nordic sauna** circuit," https://ritualnordicspa.com/the-concept/ (emphasis added), and

a "**Nordic Sauna** Experience," https://www.sisuandloyly.com/ (emphasis added), respectively.

26.    Because of the mere descriptiveness of the term "NORDIC," examiners at the United States Patent and Trademark Office ("USPTO") have repeatedly declined trademark applications based on the inclusion of the term "NORDIC" or required a disclaimer of the term as a condition for allowing registration of such marks that included it.   Several examples of this are shown below:

- U.S. Serial No. 88162715 for **THE NORDIC** in Classes 43 and 44, which generally cover hotels and spa and sauna related services, respectively, was denied registration;

- U.S. Serial No. 77189516 for in Classes 11, 20, 21, and 24 was denied registration and applicant was required to disclaim the phrase "NORDIC FINDS" because it was merely descriptive of the applicant's goods;

- U.S. Serial No. 79327210 for **NORDIC CUSTOM** in Classes 11 and 37 was denied registration and applicant was required to disclaim the wording "NORDIC CUSTOM," because it was found to be merely descriptive and primarily geographically descriptive of applicant's goods and services;

- U.S. Serial No. 79217768 (U.S. Registration No. 5543034) for **NORDIC LIVING** in Classes 11, 20, 21, 27, 35, 42 was required to disclaim "NORDIC" because the term "Nordic" is "primarily geographically descriptive of the origin of applicant's goods and/or services, and thus is an <u>unregistrable component of the mark</u>" (emphasis added); and

- U.S. Serial No. 90660510 for **NORDIC BLUE SPA** in Class 44 was denied registration and applicant was required to disclaim the wording "NORDIC" and "SPA" because the word "Nordic" was "merely

NORDICA SAUNA, LLC'S COUNTERCLAIMS

descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services."

A true and correct compilation of information relating to these applications, which are found on the USPTO website, is attached hereto as **Exhibit C**.

27.    The term "NORDIC" is so commonly used in connection with saunas and sauna-related goods and services that consumers have learned to carefully pick and choose between products sold and services offered that use this term.

28.    Further, leaving aside the absence of any similarity between the look, design and feel of the parties' respective marks, one company's use of the term "NORDIC" cannot possibly be shown to be the sole source of confusion when there are an infinite number of others that are using the same term. A single source of confusion cannot, of course, be proven when there are so many other third parties within a crowded field who also use the term "NORDIC" in the same or related industries.

29.    In fact, many online magazines, blogs and commercial websites have discussed the benefits of what they call the "Nordic Sauna Experience" and discuss the differences between an infrared sauna and a traditional "Nordic sauna." A sample listing of examples of such articles appears below:

- https://www.midwestliving.com/amazing-nordic-sauna-experiences-upper-midwest-8738830;

- https://heartysol.net/the-real-difference-between-infrared-and-traditional-nordic-saunas/;

- https://cedarandstonesauna.com/infrared-vs-traditional-sauna/;

- https://arborwoodco.com/projects/cedar-stone-sauna;

- https://www.aquaquip.com/blog/embracing-the-nordic-cycle-health-benefits-of-saunas-and-cold-plunge-tubs/; and

- https://www.quora.com/I-am-considering-installing-a-Nordic-Sauna-in-my-garden-what-are-the-different-available-types-and-designs-of-exterior-sauna-and-tips-before-buying.

A true and correct compilation of printouts of these websites is attached hereto as **Exhibit D**.

30.    As clearly shown in both Exhibits C and D, the phrase "Nordic sauna" is or has become a generic phrase used throughout the sauna and spa industry to refer to a specific type of sauna and/or sauna experience.  Notably, none of the above references provided in Exhibits B or D refer to NS, NS's business, NS's products or any trademarks allegedly owned by NS.  Instead, these articles merely discuss a type of sauna or sauna therapy, *i.e.*, a "Nordic sauna."

31.    In addition to the examples identified above, another company Cedar + Stone Nordic Sauna has explained in an article that it has "focused on the use of innovative, sustainable materials in their line of hand built, **Nordic Saunas**."  *See* https://arborwoodco.com/projects/cedar-stone-sauna (emphasis added).  And in fact, the company's co-founder, Justin Juntunen, is quoted as stating in this article that, "[t]he best way I know to relieve stress, the most efficient and effective, it literally works every time is… **The Nordic sauna**."  *Id*. (emphasis added).  Additionally, on this company's website, Cedar + Stone Nordic Sauna explains to consumers the difference between an infrared and Nordic sauna.  *See* Exhibit D, https://cedarandstonesauna.com/infrared-vs-traditional-sauna/.  As shown on its website, Cedar + Stone Nordic Sauna produced a video entitled "The Difference Between Infrared Sauna and Nordic Sauna."  A direct link to this video can be found at https://youtu.be/rOLcvEdfvmI.  In this video, the founder of Cedar + Stone and Annette Scott of Kodawari Studios use the phrase "**Nordic sauna**" interchangeably to refer to a traditional sauna.  This is also evidenced by Exhibit D's URL using the phrase "infrared vs. traditional sauna," while the blog post's title uses the phrase "**Nordic Sauna**," and is even further highlighted on Kodawari's website, as seen below:

NORDICA SAUNA, LLC'S COUNTERCLAIMS

*See* https://www.kodawaristudios.com/about-nordic-sauna. (emphasis added).

32.    Similarly, in an article from Midwest Living, there is a listing of the "10 Amazing **Nordic Sauna Experiences** in the Upper Midwest." *See* Exhibit D, https://www.midwestliving.com/amazing-nordic-sauna-experiences-upper-midwest-8738830. (emphasis added).

33.    Significantly, none of the above identified third-party references to "Nordic sauna" relate to NS.

34.    Further, even when searching on Ahrefs, which is a leading marketing and search optimization analytics tool, the term "Nordic Sauna" does not return a result with a branded badge.  The lack of a branded badge is an indication that searchers of that phrase are not intending to search for a brand, which only further shows the mere descriptiveness of the phrase.

### NS's Abandonment Of The Registered Nordic Sauna Mark

35.    Nordica is informed and believes, and on that basis alleges that NS previously used the website www.sauna.com to market, advertise and sell its products.

36.    Nordica is informed and believes, and on that basis alleges that beginning in or around August 2004, NS's website, NordicSauna.com, was redirecting consumers to Sauna.com.  Although it previously mainly used its www.sauna.com domain name in association with its custom sauna business, Nordica is informed that NS only recently began to solely rely on https://nordicsauna.com for its custom sauna business when, in or around

November 2024, NS announced its intent to launch a competing online retail store.

37.    Based on the records found on the USPTO's website, NS applied for a combined word and design mark, , on October 23, 2020, which later matured into registration No. 6497517 on or about September 28, 2021 (the "NS Combined Mark"). A true and correct copy of the printout from the USPTO records showing these facts is attached hereto as **Exhibit E**.  As seen in Exhibit E, NS's registration claims goods in Class 11, namely "Saunas, infrared saunas, ice bathtubs, sauna heaters, sauna accessories, namely, sauna controls, sauna door handles, sauna heater guards, sauna humidifiers, sauna vents, sauna back rails and sauna heater rocks."

38.    NS's Combined Mark includes the use of a Viking head.  Vikings are a common symbol of the Nordic region.  A Viking refers to a subset of Nordic people following the Viking age in countries like Norway, Sweden, Denmark, Finland and Iceland. The Viking head depicted in NS's Combined Mark is used as a symbol for the Nordic region.

39.    After NS received a registration for the NS Combined Mark, NS changed its logo and design multiple times to appear dramatically different than the image it submitted as part of its trademark registration with the USPTO.  The current NS design and logo is depicted below:





*See* https://nordicsauna.com/.

40.    Upon information and belief, and based on NS's submissions to the USPTO, by at least August 2020, NS replaced the NS Combined Mark previously found on the top of its website with the logo and design shown below:



41.    NS and Temme have had a past history of changing and/or abandoning trademarks.  Among other names, Nordica is informed that NS and Temme have previously cancelled and/or abandoned marks that include the generic and/or descriptive term "NORDIC."

42.    Upon information and belief, NS used the logo in Paragraph 40 above as a sole source identifier until the fall of 2024 when it stopped redirecting traffic from its website from https://nordicsauna.com to www.sauna.com.

43.    In changing its website domain appearance, NS changed its logo and design to the current design shown in Paragraph 39 above.

44.    Nordica is informed that after changing the appearance of the mark found on its website to the current design, NS removed all remaining references to the NS Combined Mark previously found on its website.

45.    Upon information and belief, NS has not used the NS Combined Mark on its website or in commerce in a required trademark manner under governing law since at least November 2024.  A true and correct website capture taken from the Internet Archive's

Wayback Machine is attached hereto as **Exhibit F**.

46.     Upon information and belief, NS, by changing its website and its logo and design, intended to abandon and did in fact abandon the NS Combined Mark since at least as early as August 2020, when it replaced the NS Combined Mark with a new completely different logo and design now found on the top of its website.

47.     Any use by NS of the NS Combined Mark after August 2020 has been mere token use and legally insufficient to be considered adequate trademark use under governing law.

48.     As a result, upon information and belief, NS has not used the rescinded NS Combined Mark for any length of time necessary to continue claiming trademark rights for the NS Combined Mark it previously registered with the USPTO.

49.     As a result, NS has abandoned the use of the NS Combined Mark.

50.     Despite changing and abandoning its logo and design, NS has nevertheless now filed this lawsuit against Nordica alleging infringement of the previously used and abandoned NS Combined Mark.  This has been done in bad faith because NS knew at the time of filing this lawsuit that the NS Combined Mark was no longer being used and that the NS Combined Mark had been abandoned.

51.     Despite having a registration for the NS Combined Mark, NS also recently filed a new trademark application, Serial No. 99193572 on May 20, 2025, for the word mark "NORDIC SAUNA," alone.  A true and correct copy of the printout from the USPTO showing this application is attached hereto as **Exhibit G**.  This application is now awaiting examination and has yet to be approved by the USPTO.

52.     The filing of NS's new word mark application further demonstrates NS's intent to abandon use of the NS Combined Mark.  Nordica is informed that because NS knew it was no longer using and had abandoned the NS Combined Mark, and therefore needed to try to obtain trademark protection for the words "NORDIC SAUNA" alone to continue to have trademark protection, including for asserting any claimed right to use this term exclusively and/or otherwise, it needed to file a new trademark application for that term.

53.    NS further committed fraud on the USPTO by submitting a specimen for the NS Combined Mark in October 2020 when, upon information and belief, it already knew that it had previously abandoned the NS Combined Mark.

54.    In addition to changing the use and design of the NS Combined Mark, Nordica is also informed and believes, and on that basis alleges that NS has shown its intent to abandon use of the NS Combined Mark by failing to police the market by attempting to stop or prevent others from using any similar mark.

55.    In the end, Nordica is informed and believes that NS itself fully understands that and believes the terms "Nordic" and "Nordic Sauna" are merely descriptive terms for the region that the name refers to and cannot legally be used as a source identifier independent of the region.  NS in fact has tried to capitalize on its ties to the Nordic region and its cultural history, rather than use the mark as a source identifier (which it cannot of course do).  There are several indicia that prove this fact.  As one example alone, in 2025, a tradeshow was conducted in Finland (which is generally known to be the largest sauna manufacturer in the world) at the World Sauna Forum.  At that show, NS displayed the poster depicted below:



*See* https://www.instagram.com/p/DKuh5qkJcUP/?img_index=1.  Notably as this picture shows, NS only displayed its new logo and design on the poster, and the abandoned NS

Combined Mark is nowhere to be found.  In fact, the poster does not mention anywhere that NS has any registered trademarks.

56.     Similarly, NS has been associated with sauna groups that themselves have historically used the terms "Nordic" and "Sauna" descriptively, rather than as source identifiers and without even mentioning NS or its alleged trademark.  In fact, members of the Temme family sit on the board of the NASS as representatives of NS.  Kim Temme, the current Chief Executive Officer of NS, is listed as an "Emeritus Member of the Board" and Ali Temme, NS's Current Chief Financial Officer, is listed as a sitting board member on the NASS website.  *See* https://www.saunasociety.org/about.  Significantly, with the full knowledge and blessings of NS and its family members, NASS has the following quote on its website showing a descriptive use of the "Nordic Sauna" term for NASS's Mission Statement:

SEEKING TO DEMONSTRATE AND PROMOTE TRADITIONAL NORDIC SAUNA EXPERIENCE IN THE US AND CANADA

(emphasis added).   This Mission Statement uses the term "NORDIC" in a merely descriptive manner to describe a region or type of sauna without using it as a source identifier.

57.     Nowhere in this Mission Statement is there any reference to NS or its claimed ownership or registration of the "Nordic Sauna" mark—as one would naturally expect if NS and its family members wanted to protect what they claim is a valid trademark for their company.

58.     In fact, NS is fully aware of many other companies that use the terms "NORDIC" and "SAUNA" descriptively yet has not done anything to try to stop them. Many of these third parties (including the parties Nordica does business with) are members of NASS, an organization NS runs and manages.  Selective enforcement of its claimed trademarks against Nordica, who is also a member of NASS, does not permit NS to claim trademark infringement against Nordica while others are simply ignored.

## **Nordica's Mark Selection, Lack Of Infringement And Resulting Injury**

59. After visiting a local spa called "Nordik," one of Nordica's founders and principals was inspired to become a sauna retailer in the sauna industry.

60. To start its business, this individual investigated which domain names were available. Since "Nordicasauna.com" was still available, a decision was made to name Counterclaimant's company "Nordica Sauna."

61. Nordica was unaware of NS and NS's name when it adopted the name "Nordica Sauna" for its business.

62. As discussed above, Nordica is a United States based authorized dealer and online retailer for various sauna products and brands, including those that originate from Nordic countries. Nordica does not engage in the sale of any "Nordica Sauna" branded products itself, nor does it manufacture any sauna products. Nordica has also never, in the past or currently, had a brick-and-mortar location or storefront. Instead, Nordica's entire business is based on online sales and associated drop-shipping.

63. It is well known in the industry that there are two different types of saunas — i.e., infrared and traditional saunas, often referred to as "traditional Nordic saunas" interchangeably. *See* https://youtu.be/rOLcvEdfvmI?si=OpDJHTuqIs1qWBEU. As explained in this cited video, the main difference between an infrared sauna and a traditional Nordic sauna relates to how they heat the body. Infrared saunas use infrared light designed to directly warm the body, while Nordic saunas heat the air, which then warms the body. Thus, the phrase "Nordic sauna" has also become a generic and/or descriptive term to describe a specific type of sauna product and related experience.

64. The name "Nordica sauna" merely describes the products Nordica is reselling. As discussed above, Nordic sauna refers to its literal origin and inspired design, describing a type of sauna that is often used synonymously to describe a traditional authentic sauna. Among others, Nordica sells products from at least the following "Nordic" sauna brands: Harvia, Auroom, SaunaLife, HUUM, Haljas House, Saunum and Finlandia (several of whom are believed to be members of NASS).

65.    Nordica and NS operate in entirely different channels of trade, thereby clearly diminishing, if not eliminating, any likelihood of potential confusion by and among consumers.

66.    Nordica is informed and believes, and on that basis alleges that, unlike Nordica, NS designs and manufactures its own custom sauna products. *See* https://nordicsauna.com/design-consulting/. Nordica is informed that, until recently, NS was never a retailer of saunas, but instead, worked with consumers to design custom made saunas that NS then manufactured and delivered to its customers, with the specific design elements they ordered. *See* https://nordicsauna.com/our-process/.

67.    Upon further information and belief, NS's business operations are and have been primarily operated out of a physical location, located at 14831 Bessemer St, Van Nuys, California.

68.    By contrast, Nordica has no physical store but simply operates over the internet.

69.    As seen from the screenshot below, at home saunas are premium and large priced products. This is demonstrated by several examples shown below:



*See* https://nordicasauna.com/collections/traditional-saunas.

70.    Because purchasing a sauna is generally a significantly large investment, consumers purchasing sauna products generally consist of customers that are knowledgeable, experienced and discerning in making purchasing decisions.    These consumers are not known to purchase saunas on impulse.  Instead, they are generally known to seek specific product information, compare products and make informed decisions prior to making a purchase based on the quality, price and value of products, in addition to their own personal needs and preferences.

71.    As seen below, the marks used by Nordica and NS are also clearly visually distinct:

| **Nordica's Mark** | **The NS Combined Mark** |
| :---: | :---: |
| **nordica** |  |

72.    As seen above, Nordica only uses the word "NORDICA" alone, with a stylized letter "o."  By contrast, the NS Combined Mark includes the picture of a Viking head with the words, "NORDIC SAUNA" surrounding the image in a stylized and curved manner, which is completely different in appearance from Nordica's standard use of the word NORDICA."

73.    In sum, it appears clear that NS has filed this current lawsuit against Nordica despite being fully aware of how the two companies use two entirely different marks and how they operate; the crowded field for use of "NORDIC" and "SAUNA" formative marks; the difference in the channels of trade in which the parties operate; the high sophistication of consumers that purchase sauna products; and the weakness (if not unenforceability) of NS's Combined Mark; and the limited scope of protection that would be afforded to NS's claimed trademark under any circumstances.  NS, in its Complaint, has also asserted its now abandoned NS Combined Mark in an apparent attempt to overstate its ownership and rights associated with it for purposes of misleading the Court.

74.     NS's Complaint even goes so far as to allege that Nordica was using the exact name "NORDIC SAUNA," despite knowing from the context found in the rest of the page that any use of the wording "Nordic sauna" was simply an inadvertent typographical error. *See* Complaint, ¶ 17.   This single typographical error has now been corrected.   In complaining about one single typographical error, NS conveniently fails to inform the Court that there are repeated references to Nordica's accurate spelling of "Nordica Sauna" (at least six) on the same page where the typographical error previously appeared.  At the same time, the term "NORDICA" appears alone without including the word "SAUNA."  Any claim of potential confusion based upon one single typographical error is therefore clearly misplaced.

75.     The filing of NS's Complaint, in addition to NS's other wrongful acts, has been taken in bad faith to try and prevent Nordica and others from lawfully using legal generic or descriptive terms as part of their own stylized mark.  This conduct has, and will continue to, cause the loss of sales and reputational harm to Nordica and third parties with whom it is associated unless it is stopped.

76.     NS's allegations and claims in this lawsuit are known to be false, including because among other reasons: (1) Nordica has never committed trademark infringement; (2) NS's claimed right to "NORDIC SAUNA" is invalid as the phrase is generic, or at best, merely descriptive; (3) NS has abandoned any right of exclusivity to the NS Combined Mark by its conduct or lack thereof; and (4) to the extent NS has or previously had any rights in the name "NORDIC SAUNA," those rights are extremely limited given the crowded field and lack of any potential confusion in the sauna industry by the use of them, which NS wrongly attributes to Nordica as the sole source of potential confusion.

77.     Upon information and belief, NS filed this current lawsuit intentionally and with malice, with intent to harm Nordica and others, cause Nordica to lose hard earned revenue and sales, increase NS's own sales and profits, and to force Nordica to incur unnecessary costs and legal expense.  Nordica further believes NS filed this lawsuit in an effort to try to gain a competitive edge over Nordica by exhausting Nordica's time,

resources and money, particularly since on or about the time that NS falsely claims to have become aware of Nordica, NS launched a competing retail website on www.sauna.com offering similar and competing third-party products before filing this lawsuit.

78.   NS's claim in its Complaint (¶ 15), that it only became aware of Nordica's website in April 2025, is clearly contrived and patently false.  As noted, Nordica is a longstanding member of NASS, and NS's family members sit on the Board of this trade group and were on the Board when Nordica joined in February 2023.  As such, NS was or should have been fully aware of Nordica many years ago.

79.   Because of NS's actions, there are now actual and justiciable controversies between the parties that need to be considered and resolved by the Court.

80.   The current disagreements between the parties cannot be resolved without court intervention at this time.   Without immediate court intervention, among other consequences, Nordica and others will be left with unwarranted uncertainty concerning their legal rights while unwarranted damages and expenses simultaneously continue to accrue.

## FIRST CLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND UNENFORCEABILITY

81.   Nordica incorporates and realleges the above paragraphs of these Counterclaims as though fully set forth herein.

82.   In its Complaint, NS, as the alleged owner of the NS Combined Mark, now seeks to wrongly enforce the NS Combined Mark against Nordica.   Among other allegations, NS has alleged that Nordica's use of the term "NORDICA SAUNA" is an infringement of NS's alleged (and now abandoned) trademark rights.

83.   NS's allegations and conduct constitute clear, unambiguous acts to try to prevent Nordica's lawful use of the terms "NORDICA" and "NORDICA SAUNA" based upon NS's false claims of trademark infringement and other related claims.

84.   Nordica denies that its longstanding good faith and legal use of the wording

NORDICA SAUNA, LLC'S COUNTERCLAIMS

"NORDICA" and "NORDICA SAUNA" do or will create any likelihood of confusion with NS's name or any of its goods and services.

85.     This lawsuit and other enforcement actions taken by NS against Nordica were and are still intended to disrupt Nordica's lawful business operations, requiring, therefore, an immediate need for an adjudication of the parties' respective rights in order to fully resolve the disputes identified herein to prevent Nordica and others from suffering further prejudice, damage and injury.

86.     An actual case or controversy now exists within the Court's jurisdiction, which includes among others, the validity of NS's alleged trademark rights, Nordica's alleged infringement, the abandonment by NS of any alleged trademark rights and the respective rights of the parties.

87.     Among other disputes, Nordica's use of the words "NORDICA" and "NORDICA SAUNA" and anything similar to them does and will not cause consumer confusion, does not infringe any legal trademark allegedly still owned by NS, does not constitute unfair competition under the Lanham Act or otherwise, and does not constitute false designation of origin among other disputes.

88.     Because of NS's conduct or lack thereof, Nordica currently has no adequate remedy at law and therefore must now seek declaratory relief as recounted herein.

## SECOND CLAIM

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION OF TRADEMARKS PURSUANT TO
## 15 U.S.C. § 1064 AND § 1119

89.     Nordica incorporates and realleges the above paragraphs of these Counterclaims as though fully set forth herein.

90.     The phrases "NORDIC" and "NORDIC SAUNA" are generic, or at best merely descriptive, lack acquired distinctiveness and have not in any event acquired the requisite secondary meaning to legally function as a source identifier for NS under applicable United States law.

91.    Upon information and belief, NS has used the generic word "sauna" as its website, and in fact has redirected consumers from https://nordicsauna.com to its www.sauna.com website since in or around February 2004. Although it previously primarily used the www.sauna.com website domain name in association with its business, Nordica is informed that NS only recently began to rely solely on https://nordicsauna.com for its custom sauna business when, in or around November 2024, NS announced its intent to launch a competing online retail business.

92.    Upon information and belief, NS has never acquired secondary meaning in the generic or descriptive phrase "NORDIC SAUNA" as a claimed legal source identifier.

93.    As described herein, the phrase "NORDIC SAUNA" is widely used throughout the sauna and spa industries to describe and refer to a certain type of sauna, by its geographical origin and historical Nordic inspired design, as well as longstanding sauna-related experiences and services.

94.    Further, as shown, the phrase "NORDIC SAUNA" continues to be used by a very large number of third parties who are engaged in the same or similar businesses as NS, including those who offer saunas and/or sauna-related treatments and services.

95.    NS's conduct as described herein has caused, and will continue to cause, unjustifiable injury, and unnecessary expense to Nordica and others unless and until resolved by this Court.

96.    Pursuant to 15 U.S.C. § 1064 and § 1119, the NS Combined Mark should be declared to be invalid and ordered cancelled, as it is generic, merely descriptive and/or lacks necessary distinctiveness to legally function as a trademark or source identifier (registered or otherwise) under applicable United States law.

97.    In addition, incontestable rights have not been, and should not be, acquired in the NS Combined Mark by NS. No such right can be vested for a generic name, or at best descriptive term, i.e., NORDIC SAUNA — for purposes of using it to describe a type of sauna, by origin or design, and services related to it, all of which are commonly used by those engaged in the same, or a similar, business as NS.

98.    While ignoring others' widespread use of the terms "NORDIC" and/or "NORDIC SAUNA," NS nevertheless now seeks to enforce the abandoned NS Combined Mark against Nordica, causing and continuing to cause Nordica and others damage to their business and reputation, as well as sustain unnecessary legal expense and cost.  NS's unfounded allegations of infringement against Nordica have and will continue to harm Nordica and others until such claims are fully resolved by this Court.

99.    An actual case and controversy therefore exists within the Court's jurisdiction at this time, which includes, among others, the validity and scope of NS's claimed trademark rights and the respective rights of the parties in connection with the allegations and claims found in NS's Complaint.

100.    Nordica has no adequate remedy at law and therefore now seeks declaratory relief against NS as set forth herein, including, without limitation, a declaratory judgment finding that the NS Combined Mark is invalid, unenforceable and/or abandoned, and that this Court should properly cancel the registration of the NS Combined Mark.

## THIRD CLAIM

## DECLARATORY JUDGMENT OF TRADEMARK ABANDONMENT AND CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 AND § 1119

101.    Nordica incorporates and realleges the above paragraphs of these Counterclaims as though fully set forth herein.

102.    NS filed for trademark registration for the NS Combined Mark on October 23, 2020, which later matured into registration No. 6497517 on September 28, 2021.  NS's registration claims goods in Class 11, namely "Saunas, infrared saunas, ice bathtubs, sauna heaters, sauna accessories, namely, sauna controls, sauna door handles, sauna heater guards, sauna humidifiers, sauna vents, sauna back rails and sauna heater rocks."

103.    Upon information and belief, by at least as early as August 2020, NS changed its website to replace the NS Combined Mark with the below logo and design found at the top of the page of its website:



104.    Upon information and belief, NS used the logo and design found in Paragraph 103 above as its sole source identifier until the fall of 2024 when it stopped redirecting its website https://nordicsauna.com to its www.sauna.com website.

105.    After changing the content of its website domain, NS further changed its logo and design to the current design shown in Paragraph 39 above.

106.    Upon information and belief, NS has failed to continue using the NS Combined Mark in any qualifying trademark manner under governing law, thereby resulting in an abandonment of the NS Combined Mark.

107.    Upon information and belief, by its actions, NS intended to abandon the NS Combined Mark and design since at least as early as August 2020 when it replaced the NS Combined Mark with an entirely new logo and design on its website.

108.    Any use by NS of the NS Combined Mark after August 2020 has been mere token use and insufficient to be considered trademark use under governing law.

109.    By its conduct or lack thereof, upon information and belief, NS has not used the NS Combined Mark in commerce for a length of time such that there is now a presumption of abandonment NS must try to overcome.

110.    Because NS has abandoned using the NS Combined Mark, among other consequences, NS has forfeited any right to claim exclusivity for the name and design elements found in the NS Combined Mark.

111.    As discussed above, despite having a registration for the NS Combined Mark, NS recently filed a new trademark application, Serial No. 99193572, on or about May 20, 2025, for the word mark "NORDIC SAUNA" alone.

112.    By filing a new word mark trademark application for the phrase "NORDIC

SAUNA," NS has demonstrated it has no intent to continue using or to resume use of the NS Combined Mark.

113.   Further, NS has abandoned any rights it might otherwise have had in the NS Combined Mark by failing to prevent others from extensively using similar marks, all without license or permission from NS and in a widespread manner with similar products and services in the sauna and related industries.

114.   As a result of its conduct (or lack thereof), NS has legally abandoned use of the NS Combined Mark and any claimed rights in association with it, including the ability to enforce it.

115.   NS has also abandoned any rights it may have had in the wording "NORDIC" and "NORDIC SAUNA" by failing to prevent extensive third-party use of these generic and/or descriptive terms, all without license or permission in connection with their numerous products and services in the same or related industries.

116.   Despite abandoning the NS Combined Mark, NS has now sought to enforce the invalid NS Combined Mark against Nordica in this Court in bad faith, which has caused and will continue to cause Nordica and others damage to their business and reputation unless this Court prevents it.  NS's allegations of infringement and other improper actions against Nordica have and will continue to harm Nordica and others unless and until such claims are resolved by this Court.

117.   An actual case or controversy therefore now exists within the Court's jurisdiction, concerning, among others, the validity, abandonment and any continuing existence of NS's claimed trademark rights and all claimed rights of NS with respect to them.

118.   Nordica currently has no adequate remedy at law and therefore now seeks declaratory relief against NS as set forth herein, including, without limitation, a declaratory judgment finding that the NS Combined Mark has been abandoned and that the cancellation of the registration for the NS Combined Mark should result from it.

## PRAYER FOR RELIEF

**WHEREFORE**, Nordica prays for judgment against NS and for an award to Nordica for at least the following relief:

A.    A Declaration of Nordica's lawful right to use the terms "NORDICA" and "NORDICA SAUNA," and any similar terms, without interference by NS;

B.    A Declaration that Nordica's past and current use of the wording "NORDICA" and "NORDICA SAUNA" or any similar terms did not and does not infringe upon any of NS's alleged trademark rights in the NS Combined Mark or any other claimed right by NS;

C.    A Declaration that Nordica's use of the wording "NORDICA" and "NORDICA SAUNA," or any similar term, has not and does not create a likelihood of confusion with the NS Combined Mark or with any other mark or name claimed by NS;

D.    A Declaration that the wording "Nordic" and "Nordic sauna" are generic and/or at best merely descriptive terms, which therefore cannot be legally protected;

E.    A Declaration that NS has abandoned the use of the NS Combined Mark, including by abandoning how it previously used and/or is currently using the terms "NORDIC" and "NORDIC SAUNA" or any similar terms;

F.    An Order pursuant to 15 U.S.C. § 1119 to correct the Principal Register of the United States Patent and Trademark Office, and directing the USPTO to cancel the NS Combined Mark, as well as denying NS's recent "NORDIC SAUNA" word mark application, with such order to be certified by the USPTO Director, who shall, among others, be ordered to make appropriate changes on the relevant records of the United States Patent and Trademark Office;

G.    In the alternative, to the extent it becomes necessary, including if and to the extent the Court does not find abandonment, or determine lack of infringement, validity and/or unenforceability, an Order requiring NS and the USPTO to enter a disclaimer for U.S. Trademark Registration No. 6497517 as to use of the words "NORDIC" and "SAUNA" because they are merely generic or descriptive of NS's goods and services and therefore incapable of trademark protection;

H.     A Court Declaration that this is an "exceptional case" resulting in an award of all of Nordica's attorneys' fees and costs under 15 U.S.C. § 1117; and

I.     Such other and further relief as this Court shall deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Counterclaimant Nordica Sauna, LLC hereby demands a jury trial for this matter.

DATED: August 11, 2025                FOX ROTHSCHILD LLP


                                    By /s/ *James E. Doroshow*
                                       James E. Doroshow
                                       Attorneys for Defendant
                                       Nordica Sauna,  L L C