# EXHIBIT C

**Generated on:** This page was generated by TSDR on 2025-08-08 19:54:18 EDT

**Mark:** NORDIC FINDS



**US Serial Number:** 77189516

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**



**Application Filing Date:** May 24, 2007

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Apr. 04, 2008

**Date Abandoned:** Mar. 10, 2008

---

# Mark Information

**Mark Literal Elements:** NORDIC FINDS

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S)

**Description of Mark:** The mark consists of a light blue background, the word "NORDIC" in white followed by the word "FINDS" in white and a larger size underneath, a small white rectangle with a dark blue cross underneath the letter "F", a dark blue rectangle with a red cross outlined in white underneath the letter "I", a red rectangle with a blue cross outlined in white underneath the letter "N", a red rectangle with a white cross underneath the letter "D", a dark blue rectangle with a yellow cross underneath the letter "S".

**Color Drawing:** Yes

**Color(s) Claimed:** The applicant claims color as a feature of the mark, namely, light blue, dark blue, white, red, and yellow.

**Design Search Code(s):** 24.13.25 - Cross, Maltese; Cross, ankh; Other crosses, including ankh, Maltese
26.11.14 - Rectangles (three or more rectangles); Three or more rectangles
26.11.21 - Rectangles that are completely or partially shaded

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Lamps

**International Class(es):** 011 - Primary Class

**U.S Class(es):** 013, 021, 023, 031, 034

**Class Status:** ACTIVE

**For:** Furniture

**International Class(es):** 020 - Primary Class

**U.S Class(es):** 002, 013, 022, 025, 032, 050

**Class Status:** ACTIVE

**For:** Glassware

**International Class(es):** 021 - Primary Class

**U.S Class(es):** 002, 013, 023, 029, 030, 033, 040, 050

**Class Status:** ACTIVE

| | |
|---|---|
| **For:** | Linens |
| **International Class(es):** | 024 - Primary Class |

**U.S Class(es):** 042, 050

**Class Status:** ACTIVE

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** Rebecca Getz

**Owner Address:** 1531 Almond Avenue
St. Paul, MINNESOTA UNITED STATES 55108

**Legal Entity Type:** INDIVIDUAL          **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Peter G. Nikolai          **Docket Number:** 20070158

**Attorney Primary Email Address:** peter@nm-iplaw.com          **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** PETER G. NIKOLAI
NIKOLAI & MERSEREAU, P.A.
900 2ND AVE S STE 820
MINNEAPOLIS, MINNESOTA UNITED STATES 55402-3325

**Phone:** 612-339-7461          **Fax:** 6123496556

**Correspondent e-mail:** peter@nm-iplaw.com          **Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 04, 2008 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Apr. 04, 2008 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Jan. 08, 2008 | ASSIGNED TO EXAMINER | |
| Sep. 07, 2007 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Sep. 07, 2007 | NON-FINAL ACTION E-MAILED | |
| Sep. 07, 2007 | NON-FINAL ACTION WRITTEN | |
| Sep. 05, 2007 | ASSIGNED TO EXAMINER | |
| Jun. 01, 2007 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| May 31, 2007 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

### TM Staff Information

**TM Attorney:**          **Law Office Assigned:** LAW OFFICE 101

### File Location

**Current Location:** TMEG LAW OFFICE 101 - EXAMINING ATTORNEY ASSIGNED          **Date in Location:** Apr. 04, 2008

| To: | Rebecca Getz (peter@nm-iplaw.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 77189516 - NORDIC FINDS - 20070158 |
| **Sent:** | 9/7/2007 1:34:45 PM |
| **Sent As:** | ECOM101@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:     77/189516

**MARK**: NORDIC FINDS

**CORRESPONDENT ADDRESS**:
   PETER G. NIKOLAI
   NIKOLAI & MERSEREAU, P.A.
   900 2ND AVE S STE 820
   MINNEAPOLIS, MN 55402-3325

# *77189516*

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**
-

**APPLICANT**:     Rebecca Getz

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
   20070158
**CORRESPONDENT E-MAIL ADDRESS**:
   peter@nm-iplaw.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: 9/7/2007

The assigned Examining attorney has reviewed the referenced application and determined the following.

**1. Information:  No Similar Marks**

The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

Applicant should further note the following.

### 2. Refusal:  Flags of Foreign Countries
Registration is refused because the proposed mark consists of several flags of foreign countries.  Trademark Act Section 2(b), 15 U.S.C. §1052(b); TMEP §1204.  Trademark Act Section 2(b) bars the registration of marks that comprise, whether in whole or in part, depictions of the flag, coat of arms, or other insignia of the United States, or any state or municipality, or of any foreign nation.  TMEP §1204.

The attached evidence from www.geographic.org shows that the proposed mark comprises images of several flags of foreign countries, namely, flags of Finland, Iceland, Norway, Denmark, and Sweden.

Flags and coats of arms of governments represent specific designs that are formally adopted to serve as emblems of governmental authority.  *U.S. Navy v. U.S. Mfg. Co.*, 2 USPQ2d 1254 (TTAB 1987); *In re United States Department of the Interior*, 142 USPQ 506 (TTAB 1964).

Section 2(b) is an absolute bar to registration on either the Principal or the Supplemental Register.  TMEP §1204.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

The applicant must respond to the following requirements.

### 3.  Requirement: Correct Identification of Goods
The applicant must correct several items listed in the identification of goods and services.

The wording glassware used to describe the goods is indefinite and must be clarified because it does not sufficiently describe the type of glassware.  TMEP §1402.01.

The wording linens used to describe the goods is indefinite and must be clarified because it does not sufficiently describe the type of linens.  TMEP §1402.01.


Applicant may adopt the following identification, if accurate:


**Class 11**
Lamps


**Class 20**
Furniture


**Class 21**
**Beverage** glassware


**Class 24**
**Household** linens


TMEP §1402.01.

Please note that, while the identification of goods and/or services may be amended to clarify or limit the goods and/or services, adding to the goods and/or services or broadening the scope of the goods and/or services is not permitted.  37 C.F.R. §2.71(a); TMEP §1402.06.  Therefore, applicant may not amend the identification to include goods and/or services that are not within the scope of the goods and/or services set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.

### 4.  Requirement:  Disclaimer

Applicant must insert a disclaimer of "NORDIC FINDS" in the application because the wording is descriptive of the applicant's goods.    See attached dictionary definitions.    Trademark Act Section 6, 15 U.S.C. §1056; TMEP §1213.

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer.  TMEP §1213.08(a)(i).  The following is the standard format used by the Office:

No claim is made to the exclusive right to use "NORDIC FINDS" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Joanna Dukovcic/
Examining Attorney
Law Office 101
Phone:  (571) 272-9707

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

| To: | Rebecca Getz (peter@nm-iplaw.com) |
| Subject: | TRADEMARK APPLICATION NO. 77189516 - NORDIC FINDS - 20070158 |
| Sent: | 9/7/2007 1:34:47 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | |

## IMPORTANT NOTICE
### USPTO OFFICE ACTION HAS ISSUED ON 9/7/2007 FOR
### APPLICATION SERIAL NO. 77189516

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION: Click on this link http://portal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77189516&doc_type=OOA&mail_date=20070907** (or copy and paste this URL into the address field of your browser), or visit **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable **response time period**. Your response deadline will be calculated from 9/7/2007.

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses.  Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office action.

## WARNING
**1. The USPTO will NOT send a separate e-mail with the Office action attached.**

**2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.**

Generated on: This page was generated by TSDR on 2025-08-08 19:55:56 EDT

Mark: NORDIC LIVING



## NORDIC LIVING

| | |
|---|---|
| **US Serial Number:** 79217768 | **Application Filing Date:** May 11, 2017 |
| **US Registration Number:** 5543034 | **Registration Date:** Aug. 21, 2018 |
| **Register:** Principal | |
| **Mark Type:** Trademark, Service Mark | |

**TM5 Common Status Descriptor:**

DEAD/REGISTRATION/Cancelled/Invalidated

The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry.

**Status:** Registration cancelled because registrant did not file an acceptable declaration under Section 71. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Mar. 07, 2025

**Publication Date:** Jun. 05, 2018

**Date Cancelled:** Mar. 07, 2025

---

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | NORDIC LIVING |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "NORDIC" |

# Related Properties Information

| | |
|---|---|
| **International Registration Number:** | 1368161 |
| **International Registration Date:** | May 11, 2017 |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Apparatus for lighting, namely, fixtures, lighting apparatus in the nature of installations, electric track lighting units, lighting tracks being lighting apparatus, electric lamps, electric light bulbs, lamp glasses, lamp chimneys, lamp globes, ceiling lights, chandeliers, fluorescent lamp tubes

| **International Class(es):** 011 - Primary Class | **U.S Class(es):** 013, 021, 023, 031, 034 |
|---|---|

**Class Status:** SECTION 71 - CANCELLED

**For:** Furniture and furnishings in the nature of furniture; sofas, tables, chairs, cupboards, storage racks being furniture and beds

| **International Class(es):** 020 - Primary Class | **U.S Class(es):** 002, 013, 022, 025, 032, 050 |
|---|---|

**Class Status:** SECTION 71 - CANCELLED

**For:** Vases; bowls; candelabra being candlesticks; egg cups; waste paper baskets; soap dispensers; bath brushes; butlers' trays; containers for household and kitchen purposes; porcelain ware, namely, porcelain mugs; glassware and earthenware, namely, mugs; decorative glass not for building and china ornaments

| | |
|---|---|
| **International Class(es):** 021 - Primary Class | **U.S Class(es):** 002, 013, 023, 029, 030, 033, 040, 050 |

**Class Status:** SECTION 71 - CANCELLED

**For:** Carpets; door mats

| | |
|---|---|
| **International Class(es):** 027 - Primary Class | **U.S Class(es):** 019, 020, 037, 042, 050 |

**Class Status:** SECTION 71 - CANCELLED

**For:** Wholesale and retail store services and online retail store services via global computer networks featuring lamps, lighting equipment and furniture

| | |
|---|---|
| **International Class(es):** 035 - Primary Class | **U.S Class(es):** 100, 101, 102 |

**Class Status:** SECTION 71 - CANCELLED

**For:** Design of lighting apparatus and furniture; design consultancy in relation to lighting and furniture arrangement and planning, both interior and exterior; interior architectural services; architectural services

| | |
|---|---|
| **International Class(es):** 042 - Primary Class | **U.S Class(es):** 100, 101 |

**Class Status:** SECTION 71 - CANCELLED

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | Yes | **Currently 66A:** | Yes |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Nordic Living Group ApS |
| **Owner Address:** | Grnnegade 3, 2. Tv.<br>DK-1107 Copenhagen K<br>DENMARK |
| **Legal Entity Type:** | Limited liability company |
| **State or Country Where Organized:** | DENMARK |

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | DLA PIPER DENMARK LAW FIRM P/S<br>Raadhuspladsen 4<br>DK-1550 Copenhagen V DENMARK |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 07, 2025 | CANCELLED SECTION 71 | 88889 |
| Apr. 03, 2021 | NEW REPRESENTATIVE AT IB RECEIVED | |
| May 28, 2020 | CHANGE OF OWNER RECEIVED FROM IB | |
| Dec. 28, 2018 | FINAL DECISION TRANSACTION PROCESSED BY IB | |
| Dec. 07, 2018 | FINAL DISPOSITION NOTICE SENT TO IB | |
| Dec. 06, 2018 | FINAL DISPOSITION PROCESSED | |
| Nov. 21, 2018 | FINAL DISPOSITION NOTICE CREATED, TO BE SENT TO IB | |
| Aug. 21, 2018 | REGISTERED-PRINCIPAL REGISTER | |
| Jun. 05, 2018 | PUBLISHED FOR OPPOSITION | |

| | |
|---|---|
| Jun. 02, 2018 | NOTIFICATION PROCESSED BY IB |
| May 16, 2018 | NOTIFICATION OF POSSIBLE OPPOSITION SENT TO IB |
| May 16, 2018 | NOTICE OF START OF OPPOSITION PERIOD CREATED, TO BE SENT TO IB |
| May 16, 2018 | NOTICE OF PUBLICATION |
| Apr. 29, 2018 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| Apr. 19, 2018 | TEAS/EMAIL CORRESPONDENCE ENTERED |
| Apr. 19, 2018 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| Apr. 19, 2018 | TEAS RESPONSE TO OFFICE ACTION RECEIVED |
| Nov. 04, 2017 | REFUSAL PROCESSED BY IB |
| Oct. 19, 2017 | NON-FINAL ACTION MAILED - REFUSAL SENT TO IB |
| Oct. 19, 2017 | REFUSAL PROCESSED BY MPU |
| Oct. 17, 2017 | NON-FINAL ACTION (IB REFUSAL) PREPARED FOR REVIEW |
| Oct. 16, 2017 | NON-FINAL ACTION WRITTEN |
| Oct. 14, 2017 | APPLICATION FILING RECEIPT MAILED |
| Oct. 10, 2017 | ASSIGNED TO EXAMINER |
| Oct. 10, 2017 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Oct. 05, 2017 | SN ASSIGNED FOR SECT 66A APPL FROM IB |

## International Registration Information (Section 66a)

| | | | |
|---|---|---|---|
| International Registration Number: | 1368161 | International Registration Date: | May 11, 2017 |
| Intl. Registration Status: | REQUEST FOR EXTENSION OF PROTECTION PROCESSED | Date of International Registration Status: | Oct. 05, 2017 |
| Notification of Designation Date: | Oct. 05, 2017 | Date of Automatic Protection: | Apr. 05, 2019 |
| International Registration Renewal Date: | May 11, 2027 | | |
| First Refusal Flag: | Yes | | |

## TM Staff and Location Information

| | |
|---|---|
| TM Staff Information - None | |
| File Location | |
| Current Location: PUBLICATION AND ISSUE SECTION | Date in Location: Aug. 21, 2018 |

## Assignment Abstract Of Title Information

| | | | |
|---|---|---|---|
| **Summary** | | | |
| Total Assignments: | 1 | Registrant: | Nordic Living Design ApS |
| **Assignment 1 of 1** | | | |
| Conveyance: | ASSIGNS THE ENTIRE INTEREST | | |
| Reel/Frame: | 7608/0083 | Pages: | 2 |
| Date Recorded: | May 28, 2020 | | |
| Supporting Documents: | assignment-tm-7608-0083.pdf | | |
| **Assignor** | | | |
| Name: | NORDIC LIVING DESIGN APS | Execution Date: | Apr. 20, 2020 |
| Legal Entity Type: | UNKNOWN | State or Country Where Organized: | NOT PROVIDED |
| **Assignee** | | | |
| Name: | NORDIC LIVING GROUP APS | | |
| Legal Entity Type: | LIMITED LIABILITY COMPANY | State or Country | DENMARK |

**Where Organized:**

**Address:** GRNNEGADE 3, 2. TV.
DK-1107 COPENHAGEN K, DENMARK

**Correspondent**

**Correspondent Name:** NORDIC LIVING GROUP APS

**Correspondent Address:** GRNNEGADE 3, 2. TV.
DK-1107 COPENHAGEN K
DENMARK

**Domestic Representative - Not Found**

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION
SERIAL NO.** 79217768

**MARK:** NORDIC
LIVING

# *79217768*

**CORRESPONDENT
ADDRESS:**
　　DLA PIPER
DENMARK LAW FIRM
P/S

　　Raadhuspladsen 4

　　DK-1550 Copenhagen
V

　　DENMARK

**CLICK HERE TO RESPOND TO THIS
LETTER:**

http://www.uspto.gov/trademarks/teas/response_forms.jsp

**APPLICANT:** Nordic
Living Design ApS

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
　　N/A

**CORRESPONDENT E-
MAIL ADDRESS:**

# OFFICE ACTION

**INTERNATIONAL REGISTRATION NO. 1368161**

 **STRICT DEADLINE TO RESPOND TO THIS NOTIFICATION:** TO AVOID ABANDONMENT OF THE REQUEST FOR EXTENSION OF PROTECTION OF THE INTERNATIONAL REGISTRATION, THE USPTO MUST RECEIVE A COMPLETE RESPONSE TO THIS PROVISIONAL FULL REFUSAL NOTIFICATION **WITHIN 6 MONTHS** OF THE "DATE ON WHICH THE NOTIFICATION WAS SENT TO WIPO (MAILING DATE)" LOCATED ON THE WIPO COVER LETTER ACCOMPANYING THIS NOTIFICATION.

In addition to the Mailing Date appearing on the WIPO cover letter, a holder (hereafter "applicant")  may confirm this Mailing Date using the USPTO's  Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  To do so, enter the U.S. application serial number for this application and then select "Documents."   The Mailing Date used to calculate the response deadline for this provisional full refusal is the "Create/Mail Date" of the "IB-1rst Refusal Note."

This is a **PROVISIONAL FULL REFUSAL** of the request for extension of protection of the mark in the above-referenced U.S. application. *See* 15 U.S.C. §1141h(c).  See below in this notification (hereafter "Office action") for details regarding the provisional full refusal.

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SUMMARY OF ISSUES:**

·   DISCLAIMER REQUIRED
•   AMENDMENT TO THE IDENTIFICATION OF GOODS AND SERVICES REQUIRED


**SEARCH RESULTS**


The trademark examining attorney has searched the Office's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

**DISCLAIMER REQUIRED**

Applicant must disclaim the wording "NORDIC"  because it is primarily geographically descriptive of the origin of applicant's  goods and/or services, and thus is an unregistrable component of the mark.  *See* 15 U.S.C. §§1052(e)(2), 1056(a); *In re Societe Generale des Eaux Minerales de Vittel S.A.*, 824 F.2d 957, 959, 3 USPQ2d 1450, 1451-52 (Fed. Cir. 1987); *In re Joint-Stock Co. "Baik"* , 80 USPQ2d 1305, 1309 (TTAB 2006); TMEP §§1210.01(a), 1210.06(a), 1213.03(a).

The attached evidence from The American Heritage Dictionary shows that "NORDIC"  is a generally known geographic place or location, namely referring to the region comprising the countries of Iceland, Norway, Denmark, Sweden or Finland.  *See* TMEP §1210.02 *et seq.*  The goods and/or services for which applicant seeks registration originate in this geographic place or location as shown by applicant's  address.  *See* TMEP §1210.03.  Purchasers are likely to believe the goods and/or services originate in this geographic place or location because the applicant is located in Denmark, a "NORDIC" country.   *See* TMEP §§1210.04 *et seq.*

An applicant may not claim exclusive rights to terms that others may need to use to describe their goods and/or services, including the geographic origin thereof, in the marketplace.  *See Dena Corp. v. Belvedere Int'l,  Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re Aug. Storck KG*, 218 USPQ 823, 825 (TTAB 1983).  A disclaimer of unregistrable matter does not affect the appearance of the mark; that is, a disclaimer does not physically remove the disclaimed matter from the mark.  *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 978, 144 USPQ 433, 433 (C.C.P.A. 1965); TMEP §1213.

If applicant does not provide the required disclaimer, the USPTO may refuse to register the entire mark.  *See In re Stereotaxis Inc.*, 429 F.3d 1039, 1040-41, 77 USPQ2d 1087, 1088-89 (Fed. Cir. 2005); TMEP §1213.01(b).

Applicant should submit a disclaimer in the following standardized format:

**No claim is made to the exclusive right to use "NORDIC" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to satisfy this disclaimer requirement online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/disclaimer.jsp.

**AMENDMENT TO THE IDENTIFICATION OF GOODS AND SERVICES REQUIRED**


Portions of the identification of goods and/or services are indefinite and require clarification as indicated in the suggestion below.


The wording "including"  in the identification of goods is indefinite and must be deleted and replaced with a definite term, such as "namely," "consisting of," "particularly," or "in particular."  *See* 37 C.F.R. §2.32(a)(6); TMEP §§1402.01, 1402.03(a).  The identification must be specific and all-inclusive.  This wording is an open-ended term (e.g., "including,"  "such as") that is not acceptable because it fails to identify specific goods.  *See* TMEP §1402.03(a).


The identification of goods and/or services contains parentheses.  Generally, applicants should *not* use parentheses and brackets in identifications in their applications so as to avoid confusion with the USPTO's  practice of using parentheses and brackets in registrations to indicate goods and/or services that have been deleted from registrations or in an affidavit of incontestability to indicate goods and/or services not claimed.  *See* TMEP §1402.12.  The only exception is that parenthetical information is permitted in identifications in an application if it serves to explain or translate the matter immediately preceding the parenthetical phrase in such a way that it does not affect the clarity or scope of the identification, e.g., "fried tofu pieces (abura-age)."   *Id.*


Therefore, applicant must remove the parentheses from the identification and incorporate any parenthetical or bracketed information into the description of the goods and/or services.

The identification of goods and/or services contains parenthetical language inserted by the International Bureau because the IB was not able to determine if the classification assigned to particular goods and/or services by an applicant's Office of origin was correct. *See* TMEP §1904.02(c). Specifically, "(terms considered too vague by the International Bureau - rule 13.2.b) of the Common Regulations)" will be removed.

This language is not part of the identification and will be removed. *Id.* It will not appear on any U.S. registration certificate that may issue. *See id.*

Applicant may adopt the following, if accurate:

Class 11: Apparatus for lighting, **namely,** fixtures, lighting apparatus **in the nature of** installations, **electric track** lighting units, lighting tracks **being** lighting apparatus, electric lamps, electric light bulbs, lamp glasses, lamp chimneys, lamp globes, ceiling lights, chandeliers, fluorescent lamp tubes

Class 20: Furniture and furnishings **in the nature of furniture**; sofas, tables, chairs, cupboards, **storage racks being** furniture and beds

Class 21: Vases; bowls; candelabra **being** candlesticks; egg cups; waste paper baskets; soap dispensers; bath brushes; butlers' trays; containers for household and kitchen purposes; porcelain ware, **namely,** *{specify goods in Class 21, e.g.* **porcelain mugs**}*/*; glassware and earthenware, **namely,** *{specify goods in Class 21, e.g.* **mugs**}*/*; decorative glass **not for building** and china **ornaments**

Class 27: Carpets; **door** mats

Class 35: Wholesale and retail **store** services **and online retail store services via global computer networks featuring** lamps, lighting equipment and furniture

Class 42: Design of lighting apparatus and furniture; **design** consultancy in relation to lighting and furniture arrangement and planning, both interior and exterior; interior architectural services; architectural services

Applicant's goods and/or services may be clarified or limited, but may not be expanded beyond those originally itemized in the application or as acceptably narrowed. *See* 37 C.F.R. §2.71(a); TMEP §§1402.06, 1904.02(c)(iv). Applicant may clarify or limit the identification by inserting qualifying language or deleting items to result in a more specific identification; however, applicant may not substitute different goods and/or services or add goods and/or services not found or encompassed by those in the original application or as acceptably narrowed. *See* TMEP §1402.06(a)-(b). The scope of the goods and/or services sets the outer limit for any changes to the identification and is generally determined by the ordinary meaning of the wording in the identification. TMEP §§1402.06(b), 1402.07(a)-(b). Any acceptable changes to the goods and/or services will further limit scope, and once goods and/or services are deleted, they are not permitted to be reinserted. TMEP §1402.07(e). Additionally, for applications filed under Trademark Act Section 66(a), the scope of the identification for purposes of permissible amendments is limited by the international class assigned by the International Bureau of the World Intellectual Property Organization (International Bureau); and the classification of goods and/or services may not be changed from that assigned by the International Bureau. 37 C.F.R. §2.85(d); TMEP §§1401.03(d), 1904.02(b). Further, in a multiple-class Section 66(a) application, classes may not be added or goods and/or services transferred from one existing class to another. 37 C.F.R. §2.85(d); TMEP §1401.03(d).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

**RESPONSE GUIDELINES**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06.

**WHO IS PERMITTED TO RESPOND TO THIS PROVISIONAL FULL REFUSAL:** Any response to this provisional refusal must be personally signed by an individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant (e.g., a corporate officer or general partner). 37 C.F.R. §§2.62(b), 2.193(e)(2)(ii); TMEP §712.01. If applicant hires a qualified U.S. attorney to respond on his or her behalf, then the attorney must sign the response. 37 C.F.R. §§2.193(e)(2)(i), 11.18(a); TMEP §§611.03(b), 712.01. Qualified U.S. attorneys include those in good standing with a bar of the highest court of any U.S. state, the District of Columbia, Puerto Rico, and other U.S. commonwealths or U.S. territories. *See* 37 C.F.R. §§2.17(a), 2.62(b), 11.1, 11.14(a); TMEP §§602, 712.01. Additionally, for all responses, the proper signatory must personally sign the document or personally enter his or her electronic signature on the electronic filing. *See* 37 C.F.R. §2.193(a); TMEP §§611.01(b), 611.02. The name of the signatory must also be printed or typed immediately below or adjacent to the signature, or identified elsewhere in the filing. 37 C.F.R. §2.193(d); TMEP §611.01(b).

In general, foreign attorneys are not permitted to represent applicants before the USPTO (e.g., file written communications, authorize an amendment to an application, or submit legal arguments in response to a requirement or refusal). *See* 37 C.F.R. §11.14(c), (e); TMEP §§602.03-.03(b), 608.01.

**DESIGNATION OF DOMESTIC REPRESENTATIVE:** The USPTO encourages applicants who do not reside in the United States to designate a domestic representative upon whom any notice or process may be served. TMEP §610; *see* 15 U.S.C. §§1051(e), 1141h(d); 37 C.F.R. §2.24(a)(1)-(2). Such designations may be filed online at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

/Karen Sulita Dindayal/

Examining Attorney

Law Office 117

571-272-8208

karen.dindayal@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**Generated on:** This page was generated by TSDR on 2025-08-08 19:55:02 EDT

**Mark:** NORDIC CUSTOM

**NORDIC CUSTOM** ❊

**US Serial Number:** 79327210

**Application Filing Date:** Sep. 03, 2021

**Register:** Principal

**Mark Type:** Trademark, Service Mark

**TM5 Common Status Descriptor:** 

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Jan. 11, 2023

**Date Abandoned:** Dec. 30, 2022

## Mark Information

**Mark Literal Elements:** NORDIC CUSTOM

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S)

**Color Drawing:** Yes

**Color(s) Claimed:** The color(s) black and orange is/are claimed as a feature of the mark.

**Design Search Code(s):** 26.09.03 - Incomplete squares; Squares, incomplete
26.09.09 - Squares made of geometric figures, objects, humans, plants or animals
26.17.02 - Bands, wavy; Bars, wavy; Lines, wavy; Wavy line(s), band(s) or bar(s)
26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved
26.17.25 - Other lines, bands or bars

## Related Properties Information

**International Registration Number:** 1629813

**International Registration Date:** Sep. 03, 2021

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Industrial heating installations; gas cleaning and purification installations; lighting, heating, cooking, cooling, drying, ventilation and water supply installations; heat exchangers

**International Class(es):** 011 - Primary Class          **U.S Class(es):** 013, 021, 023, 024, 031, 034

**Class Status:** ACTIVE

**For:** Installation, maintenance and repair of industrial machines; welding for construction and repair purposes

**International Class(es):** 037 - Primary Class          **U.S Class(es):** 100, 103, 106

**Class Status:** ACTIVE

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | Yes | **Currently 66A:** | Yes |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** Pressure Thermal Dynamics b.v.

**Owner Address:** Plaza 16
NL-4782 SK Moerdijk
NETHERLANDS

**Legal Entity Type:** Private company     **State or Country Where Organized:** NOT PROVIDED

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

**Correspondent Name/Address:** Merkenbureau Knijff & Partners B.V.
Leeuwenveldseweg 12
NL-1382 LX Weesp NETHERLANDS

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 30, 2024 | FINAL DECISION TRANSACTION PROCESSED BY IB | |
| Jan. 11, 2024 | FINAL DISPOSITION NOTICE SENT TO IB | |
| Jan. 11, 2024 | FINAL DISPOSITION NOTICE CREATED, TO BE SENT TO IB | |
| May 22, 2023 | NOTIFICATION OF POSSIBLE OPPOSITION - PROCESSED BY IB | |
| May 03, 2023 | NOTIFICATION OF POSSIBLE OPPOSITION SENT TO IB | |
| May 03, 2023 | NOTIFICATION OF POSSIBLE OPPOSITION CREATED, TO BE SENT TO IB | |
| Jan. 11, 2023 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Jan. 11, 2023 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Jan. 11, 2023 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Dec. 08, 2022 | CORRECTION SENT TO IB | |
| Dec. 08, 2022 | CORRECTION CREATED FOR IB | |
| Jul. 19, 2022 | REFUSAL PROCESSED BY IB | |
| Jun. 29, 2022 | NON-FINAL ACTION MAILED - REFUSAL SENT TO IB | |
| Jun. 29, 2022 | REFUSAL PROCESSED BY MPU | |
| Jun. 11, 2022 | NON-FINAL ACTION (IB REFUSAL) PREPARED FOR REVIEW | |
| Jun. 10, 2022 | NON-FINAL ACTION WRITTEN | |
| Jun. 09, 2022 | ASSIGNED TO EXAMINER | |
| Dec. 07, 2021 | APPLICATION FILING RECEIPT MAILED | |
| Dec. 03, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Dec. 02, 2021 | SN ASSIGNED FOR SECT 66A APPL FROM IB | |

## International Registration Information (Section 66a)

| | | | |
|---|---|---|---|
| **International Registration Number:** | 1629813 | **International Registration Date:** | Sep. 03, 2021 |
| **Priority Claimed Flag:** | Yes | **Date of Section 67 Priority Claim:** | May 12, 2021 |
| **Intl. Registration** | REQUEST FOR EXTENSION OF PROTECTION | **Date of** | Dec. 02, 2021 |

| | | |
|---|---|---|
| **Status:** | PROCESSED | **International Registration Status:** |
| **Notification of Designation Date:** | Dec. 02, 2021 | **Date of Automatic Protection:** Jun. 02, 2023 |
| **International Registration Renewal Date:** | Sep. 03, 2031 | |
| **First Refusal Flag:** | Yes | |

## TM Staff and Location Information

| **TM Staff Information** | |
|---|---|
| **TM Attorney:** AWRICH, ELLEN | **Law Office Assigned:** LAW OFFICE 116 |

| **File Location** | |
|---|---|
| **Current Location:** TMO LAW OFFICE 116 - EXAMINING ATTORNEY ASSIGNED | **Date in Location:** Jan. 11, 2023 |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 79327210

**Mark:** NORDIC CUSTOM

**Correspondence Address:**
Merkenbureau Knijff & Partners B.V.
Leeuwenveldseweg 12
NL-1382 LX Weesp
NETHERLANDS

**Applicant:** Pressure Thermal Dynamics b.v.

**Reference/Docket No.** N/A

**Correspondence Email Address:**


# NONFINAL OFFICE ACTION


**International Registration No.** 1629813

**Notice of Provisional Full Refusal**

**Deadline for responding.** The USPTO must receive applicant's response **within six months of the "date on which the notification was sent to WIPO (mailing date)"** located on the WIPO cover letter, or the U.S. application will be abandoned (see https://www.uspto.gov/trademarks-application-process/abandoned-applications for information on abandonment). To confirm the mailing date, go to the USPTO's Trademark Status and Document Retrieval (TSDR) database at https://tsdr.uspto.gov/, select "US Serial, Registration, or Reference No.," enter the U.S. application serial number in the blank text box, and click on "Documents." The mailing date used to calculate the response deadline is the "Create/Mail Date" of the "IB-1rst Refusal Note."

Respond to this Office action using the USPTO's Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Discussion of provisional full refusal.** This is a provisional full refusal of the request for extension of protection to the United States of the international registration, known in the United States as a U.S. application based on Trademark Act Section 66(a). *See* 15 U.S.C. §§1141f(a), 1141h(c).

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## SEARCH RESULTS

The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

## SUMMARY OF ISSUES:

- Disclaimer
- Inquiry regarding "NORDIC"
- Description of the Mark
- Applicant's Entity Type and Place Organized
- Identification of Goods and Services
- Applicant's Email Address Required
- U.S.-Licensed Attorney Required

**DISCLAIMER**

Applicant must disclaim the wording "NORDIC CUSTOM" because it is merely descriptive and primarily geographically descriptive of applicant's goods and/or services.

The wording "NORDIC" is primarily geographically descriptive of the origin of applicant's goods and/or services.  *See* 15 U.S.C. §1052(e)(2); *In re Societe Generale des Eaux Minerales de Vittel S.A.*, 824 F.2d 957, 959, 3 USPQ2d 1450, 1451-52 (Fed. Cir. 1987); TMEP §§1210.01(a), 1210.06(a), 1213.03(a).

NORDIC is defined as:

Nordic means relating to the Scandinavian countries of northern Europe.

"Nordic" Collins Dictionary (2022)  https://www.collinsdictionary.com/dictionary/english/nordic  Retrieved June 9, 2022.  See attachment.

The adjectival form of the name of a geographic location, its nickname, abbreviation or other variant is treated the same as the actual name of the geographic location when it would likely be perceived as such by the purchasing public.  *See In re Premiere Distillery, LLC*, 103 USPQ2d 1483, 1484 (TTAB 2012) (holding REAL RUSSIAN primarily geographically deceptively misdescriptive of vodka); *In re Joint-Stock Co. "Baik*," 80 USPQ2d 1305, 1310 (TTAB 2006) (holding BAIKALSKAYA, the Russian equivalent of "from Baikal" or "Baikal's," primarily geographically descriptive of vodka); TMEP §1210.02(a).

The attached evidence from Macmillan shows that "NORDIC" is an adjectival form meaning relating to Scandinavia, which is a generally known geographic place or location.  *See* TMEP §§1210.02 *et seq.*  Because the goods and/or services may be manufactured, packaged, shipped from, sold in, or rendered in this place or location, a public association of the goods and/or services with the place is presumed.  *See In re Hollywood Lawyers Online*, 110 USPQ2d 1852, 1858 (TTAB 2014) (citing *In re Spirits of New Merced, LLC*, 85 USPQ2d 1614, 1621 (TTAB 2007)); TMEP §§1210.02(a), 1210.04.

The wording "CUSTOM" merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services.  *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012).

CUSTOM is defined as:

1 : made or performed according to personal order

"custom"  Merriam-Webster (2020) http://www.merriam-webster.com/.  Retrieved June 9, 2022.  See attachment.

The attached evidence from Merriam-Webster Dictionary shows the wording "CUSTOM" means made or performed according to personal order.  The applicant's website shows it does **"custom-made"** work.  https://ptdcompanies.com/history/  Therefore, this wording merely describes a feature of the goods and services, which are made or performed to personal order.

The wording "NORDIC CUSTOM" merely describes that the applicant's goods are custom goods and services manufactured, packaged, shipped from, sold in, or rendered in Scandinavia.

Applicant may respond to this issue by submitting a disclaimer in the following format:

> **No claim is made to the exclusive right to use "NORDIC CUSTOM" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

Applicant must disclaim the wording "NORDIC CUSTOM" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services.  *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §1213, 1213.03(a).

Wording does not need to be descriptive of all the goods or services specified in an application to be considered descriptive. *In re The Chamber of Commerce of the U.S.*, 675 F.3d 1297, 1300, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012); *In re Franklin Cnty. Historical Soc'y*, 104 USPQ2d 1085, 1089 (TTAB 2012). A determination of descriptiveness is proper if the wording "is descriptive of any of the [goods or] services for which registration is sought." *In re The Chamber of Commerce of the U.S.*, 675 F.3d at 1300, 102 USPQ2d at 1219 (quoting *In re Stereotaxis Inc.*, 429 F.3d 1039, 1040, 77 USPQ2d 1087, 1089 (Fed. Cir. 2005)).

Applicant may respond to this issue by submitting a disclaimer in the following format:

**No claim is made to the exclusive right to use "NORDIC CUSTOM" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

## INQUIRY REGARDING "NORDIC"

Applicant must provide a written statement explaining whether the goods are manufactured, packaged, shipped from, sold in or have any other connection with Scandinavia. *See* 37 C.F.R. §2.61(b); TMEP §§814, 1210.03. Failure to comply with a request for information is grounds for refusing registration. *In re Harley*, 119 USPQ2d 1755, 1757-58 (TTAB 2016); TMEP §814.

Applicant must provide a written statement explaining whether the services or any aspect of the services is rendered in, or has any other connection with Scandinavia. *See* 37 C.F.R. §2.61(b); TMEP §§814, 1210.03. Failure to comply with a request for information is grounds for refusing registration. *In re Harley*, 119 USPQ2d 1755, 1757-58 (TTAB 2016); TMEP §814.

## DESCRIPTION OF THE MARK

Although applicant submitted a drawing showing the mark in color with a color claim, applicant did not provide the required description that specifies where each color appears in the literal and design elements in the mark. *See* 37 C.F.R. §§2.37, 2.52(b)(1); TMEP §807.07(a)-(a)(ii). Therefore, applicant must provide this description. *See* TMEP §807.07(a)(ii).

Generic color names must be used to describe the colors in the mark, e.g., red, yellow, blue. TMEP §807.07(a)(i)-(ii). If black, white, and/or gray represent background, outlining, shading, and/or transparent areas and are not part of the mark, applicant must so specify in the description. *See* TMEP §807.07(d).

The following description is suggested, if accurate:

**The mark consists of the stylized wording "NORDIC CUSTOM" in black, to the left of four orange bent bars with the curved peak of each bar pointing inward toward the other bars.**

## APPLICANT'S ENTITY TYPE AND PLACE ORGANIZED

The application identifies applicant as a "private company," which is not acceptable as an entity designation in the United States because there is no clear U.S. equivalent legal entity and the entity designation does not appear in Appendix D of the *Trademark Manual of Examining Procedure*. *See* TMEP §803.03(i). Applicant must indicate the U.S. equivalent of its legal entity or provide a description of the nature of the foreign entity. *See* 37 C.F.R. §§2.32(a)(3), 2.61(b); TMEP §803.03(i). The applicant may amend the entity type to "limited liability company", if accurate.

Applicant must specify its legal entity type and national citizenship or foreign country of organization or incorporation. *See* 37 C.F.R. §§2.32(a)(3)(i)-(v), 2.61(b); TMEP §§803.03, 803.04. This information is required for all U.S. trademark applications, including those filed under Trademark Act Section 66(a). *See* 37 C.F.R. §7.25(a)-(b); TMEP §1904.02(a).

Acceptable legal entity types include an individual, a partnership, a corporation, a joint venture, or the foreign equivalent. *See* TMEP §§803.03 *et seq.* If applicant's legal entity type is an individual, applicant must so specify and provide his or her national citizenship. 37 C.F.R. §2.32(a)(3)(i); TMEP §803.03(a). If applicant is a corporation, association, partnership, joint venture, or the foreign equivalent, applicant must

so specify and provide the foreign country under whose laws applicant is organized or incorporated. 37 C.F.R. §2.32(a)(3)(ii); TMEP §803.03(b)-(c). For an association, applicant must also specify whether the association is incorporated or unincorporated, unless the foreign country and the designation or description "association/ associazione" appear in Appendix D of the *Trademark Manual of Examining Procedure* (TMEP). TMEP §803.03(c). If applicant is organized under the laws of a foreign province or geographical region, applicant should specify both the foreign province or geographical region and the foreign country in which the province or region is located. *See* TMEP §803.04.

## IDENTIFICATION OF GOODS AND SERVICES

Some of the wording in the identification of goods and services is unacceptable and must be clarified because it is indefinite. *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01. The applicant must list the common commercial name of each good and service.

## SUGGESTED IDENTIFICATION OF GOODS AND SERVICES

Applicant may substitute the following wording, if accurate:

IC 011: Industrial heating installations; gas cleaning and purification installations**, namely, gas scrubbing installations**; lighting **installations**, heating **installations**, cooking **installations in the nature of cooking ranges and cooking stoves**, cooling **installations for water**, drying **installations in the nature of industrial dryers for heating and dehumidifying**, ventilation **installations in the nature of ventilating fans for commercial and industrial use,** and water supply installations**, namely, regulating accessories for water supply, namely, metered valves**; heat exchangers **not being part of machines**

IC 037: Installation, maintenance and repair of industrial machinery; welding for construction and repair purposes

Applicant may amend the identification to clarify or limit the goods and/or services, but not to broaden or expand the goods and/or services beyond those in the original application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Generally, any deleted goods and/or services may not later be reinserted. *See* TMEP §1402.07(e). Additionally, for applications filed under Trademark Act Section 66(a), the scope of the identification for purposes of permissible amendments is limited by the international class assigned by the International Bureau of the World Intellectual Property Organization (International Bureau); and the classification of goods and/or services may not be changed from that assigned by the International Bureau. 37 C.F.R. §2.85(d); TMEP §§1401.03(d), 1904.02(b). Further, in a multiple-class Section 66(a) application, classes may not be added or goods and/or services transferred from one existing class to another. 37 C.F.R. §2.85(d); TMEP §1401.03(d).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

## APPLICANT'S EMAIL ADDRESS REQUIRED

**Email address required.** Applicant must provide applicant's email address, which is a requirement for a complete application. *See* 37 C.F.R. §2.32(a)(2); TMEP §803.05(b). This email address cannot be identical to the primary correspondence email address of a U.S.-licensed attorney retained to represent applicant in this application. *See* TMEP §803.05(b).

## U.S.-LICENSED ATTORNEY REQUIRED

**Applicant is required to be represented by a U.S.-licensed attorney to respond to or appeal the provisional refusal** because applicant's domicile is located outside of the United States and applicant does not appear to be represented by a qualified U.S. attorney. 37 C.F.R. §2.11(a); TMEP §601.01(a). An applicant whose domicile is located outside of the United States or its territories must be represented by an attorney who is an active member in good standing of the bar of the highest court of a U.S. state or territory. 37 C.F.R. §2.11(a); TMEP §§601, 601.01(a). In this case, applicant's domicile is identified in the application as Netherlands. For more information, see the U.S. Counsel webpage at https://www.uspto.gov/trademark/laws-regulations/trademark-rule-requires-foreign-applicants-and-registrants-have-us and Hiring a U.S.-licensed trademark attorney webpage at https://www.uspto.gov/trademarks-getting-started/why-hire-private-trademark-attorney.

**To appoint a U.S.-licensed attorney** in this application, applicant should submit a completed Trademark Electronic Application System (TEAS)

Change Address or Representation form at https://teas.uspto.gov/ccr/car.  The newly-appointed attorney must submit a TEAS Response to Examining Attorney Office Action form at https://teas.uspto.gov/office/roa/ indicating that an appointment of attorney has been made and address all other refusals or requirements in this action.  Alternatively, if applicant retains an attorney before filing the response, the attorney can respond to this Office action by using the appropriate TEAS response form and provide his or her attorney information in the form and sign it as applicant's attorney.  *See* 37 C.F.R. §2.17(b)(1)(ii); TMEP §604.01.

Please call or email the assigned trademark examining attorney with questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

/Ellen Awrich/
Trademark Examining Attorney
Law Office 116
571-272-9123
ellen.awrich@uspto.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.**  A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

Generated on: This page was generated by TSDR on 2025-08-08 19:52:40 EDT

Mark: THE NORDIC

# THE NORDIC

| | | | |
|---|---|---|---|
| **US Serial Number:** | 88162715 | **Application Filing Date:** | Oct. 19, 2018 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Nov. 05, 2019

**Date Abandoned:** Oct. 07, 2019

## Mark Information

**Mark Literal Elements:** THE NORDIC

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Hotel services; restaurant, bar, cafe and catering services; hotel and temporary accommodation services; provision of conference, meeting, event, convention and exhibition facilities; rental of meeting rooms; making hotel, resort and accommodation reservations for others; providing hotel, resort and accommodation information and reservation services by means of a computer information network; banquet services, namely, providing banquet facilities for special occasions; resort hotel services; providing general purpose facilities for tailgating and hospitality; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa

| | | | |
|---|---|---|---|
| **International Class(es):** | 043 - Primary Class | **U.S Class(es):** | 100, 101 |

**Class Status:** ACTIVE

**For:** Health spa services for health and wellness of the mind, body and spirit; health spa services, namely, cosmetic body care services; massage therapy services; health spa services, namely, body wraps, mud treatments, seaweed treatments, hydrotherapy baths, body scrubs, and steam room and reflexology treatments; beauty spa services, namely, providing massages, manicures, pedicures, facials, body treatments, and skin care and salon services in a resort like environment; day spa featuring mineral spas, saunas, steam rooms, massages, manicures, pedicures and nail enhancement, facials, body treatments and skin care treatments; beauty and salon services; provision of sauna and hot tub facilities; contrast bath therapy services; hot/cold bath immersion therapy services; counseling services in the fields of health, nutrition and lifestyle wellness

| | | | |
|---|---|---|---|
| **International Class(es):** | 044 - Primary Class | **U.S Class(es):** | 100, 101 |

**Class Status:** ACTIVE

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |

| | | | |
|---|---|---|---|
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** MVE Hotel, LLC

**Owner Address:** 2600 Vikings Circle
Eagan, MINNESOTA UNITED STATES 55121

**Legal Entity Type:** LIMITED LIABILITY COMPANY     **State or Country Where Organized:** DELAWARE

## Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Patrick J. Gallagher     **Docket Number:** MNVK0046US

**Attorney Primary Email Address:** PHIPdocketing@cozen.com     **Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** PATRICK J. GALLAGHER
COZEN O'CONNOR
C/O TRADEMARK DOCKETING DEPT.
1650 MARKET STREET, SUITE 2800
PHILADELPHIA, PENNSYLVANIA UNITED STATES 19103

**Phone:** 612-260-9075     **Fax:** 612-260-8015

**Correspondent e-mail:** PHIPdocketing@cozen.com mnoordyke@cozen.com pgallagher@cozen.com skruse@cozen.com     **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 05, 2019 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Nov. 05, 2019 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Apr. 04, 2019 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Apr. 04, 2019 | NON-FINAL ACTION E-MAILED | |
| Apr. 04, 2019 | NON-FINAL ACTION WRITTEN | |
| Feb. 23, 2019 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Feb. 22, 2019 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Feb. 22, 2019 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Feb. 05, 2019 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Feb. 05, 2019 | NON-FINAL ACTION E-MAILED | |
| Feb. 05, 2019 | NON-FINAL ACTION WRITTEN | |
| Jan. 29, 2019 | ASSIGNED TO EXAMINER | |
| Nov. 01, 2018 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Oct. 23, 2018 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** JENKINS JR, CHARLES     **Law Office Assigned:** LAW OFFICE 112

**File Location**

**Current Location:** TMO LAW OFFICE 112 - EXAMINING ATTORNEY ASSIGNED     **Date in Location:** Nov. 05, 2019

| | |
|---|---|
| **To:** | MVE Hotel, LLC (PHIPdocketing@cozen.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 88162715 - THE NORDIC - MNVK0046US |
| **Sent:** | 2/5/2019 4:26:11 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION SERIAL NO.** 88162715

**MARK:** THE NORDIC         *88162715*

**CORRESPONDENT ADDRESS:**

    PATRICK J. GALLAGHER

    COZEN O'CONNOR

    C/O TRADEMARK DOCKETING DEPT.

    1650 MARKET STREET, SUITE 2800

    PHILADELPHIA, PA 19103

**APPLICANT:** MVE Hotel, LLC

**CLICK HERE TO RESPOND TO THIS LETTER:**

http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

REFERENCE/DOCKET NO:

MNVK0046US

CORRESPONDENT E-MAIL ADDRESS:

PHIPdocketing@cozen.com

# OFFICE ACTION

# STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

ISSUE/MAILING DATE: 2/5/2019

 The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

Section 2(e)(1)  General Refusal-Descriptive

Registration is refused because the applied-for mark merely describes a feature and a characteristic of applicant's services.   Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); *see* TMEP §§1209.01(b), 1209.03 *et seq.*

General Principles Applicable to Section 2(e)(1)

A mark is merely descriptive if it describes a feature and a characteristic of applicant's services.   TMEP §1209.01(b); *see, e.g., In re TriVita, Inc.*, 783 F.3d 872, 874, 114 USPQ2d 1574, 1575 (Fed. Cir. 2015) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005) (citing *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents* , 252 U.S. 538, 543 (1920)).

Descriptiveness Determined in Relation to Goods/Services

The determination of whether a mark is merely descriptive is made in relation to an applicant's services, not in the abstract.  *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1254, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012); *In re The Chamber of Commerce of the U.S.*, 675 F.3d 1297, 1300, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012); TMEP §1209.01(b); *see, e.g., In re Polo Int'l Inc.* , 51 USPQ2d 1061, 1062-63 (TTAB 1999) (finding DOC in DOC-CONTROL would refer to the "documents" managed by applicant's software rather than the term "doctor" shown in a dictionary definition);  *In re Digital Research Inc.*, 4 USPQ2d 1242, 1243-44 (TTAB 1987) (finding CONCURRENT PC-DOS and CONCURRENT DOS merely descriptive of "computer programs recorded on disk" where the relevant trade used the denomination "concurrent" as a descriptor of a particular type of operating system).

"Whether consumers could guess what the service is from consideration of the mark alone is not the test."  *In re Am. Greetings Corp.*, 226 USPQ 365, 366 (TTAB 1985).

The applicant applied to register the mark NORDIC for "Hotel services; restaurant, bar, cafe and catering services; hotel and temporary accommodation services; provision of conference, meeting, event, convention and exhibition facilities; rental of meeting rooms; making hotel, resort and accommodation reservations for others; providing hotel, resort and accommodation information and reservation services by means of a

computer information network; banquet services, namely, providing banquet facilities for special occasions; resort hotel services; providing general purpose facilities for tailgating and hospitality; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa" and "Health spa services for health and wellness of the mind, body and spirit; health spa services, namely, cosmetic body care services; massage therapy services; health spa services, namely, body wraps, mud treatments, seaweed treatments, hydrotherapy baths, body scrubs, and steam room and reflexology treatments; beauty spa services, namely, providing massages, manicures, pedicures, facials, body treatments and other skin care and salon services in a resort like environment; day spa featuring mineral spas, saunas, steam rooms, massages, manicures, pedicures and other nail enhancement, facials, body treatments and other skin care; beauty and salon services; provision of sauna and hot tub facilities; contrast bath therapy services; hot/cold bath immersion therapy services; counseling services in the fields of health, nutrition and lifestyle wellness."   The proposed mark is descriptive, because it describes a feature and a characteristic of the relevant services. The word "Nordic" is defined as " of or relating to the Germanic peoples of northern Europe and especially of Scandinavia." In addition, a "Nordic Spa" is a type of health spa service used for wellness. Please see the attached definition and Internet reference.

The applicant offers a Nordic style spa and a hotel that features a Scandinavian style spa.   The word "Nordic" specifies both the style and theme of the applicant's hotel and health spa services.

Therefore, the proposed mark is merely descriptive of the relevant services.

Supplemental Register

The applied-for mark has been refused registration on the Principal Register.  Applicant may respond to the refusal by submitting evidence and arguments in support of registration and/or by amending the application to seek registration on the Supplemental Register.  *See* 15 U.S.C. §1091; 37 C.F.R. §§2.47, 2.75(a); TMEP §§801.02(b), 816.  Amending to the Supplemental Register does not preclude applicant from submitting evidence and arguments against the refusal(s).  TMEP §816.04.

A mark in an application under Trademark Act Section 1(b) is not eligible for registration on the Supplemental Register until an acceptable amendment to allege use under 37 C.F.R. §2.76 has been filed.  37 C.F.R. §§2.47(d), 2.75(b); TMEP §§815.02, 1102.03.  When a Section 1(b) application is successfully amended to the Supplemental Register, the application effective filing date will be the date applicant met the minimum filing requirements under 37 C.F.R. §2.76(c) for the amendment to allege use.  TMEP §§816.02, 1102.03; *see* 37 C.F.R. §2.75(b).

Recitation of Services

The recitation of services in International Class 43 is acceptable.

The wording "other skin care" and "other nail enhancements" in the identification of services is indefinite and must be clarified because it does not specify what the other skin care and nail enhancement services are.  *See* 37 C.F.R. §2.32(a)(6); TMEP §1402.01.  Applicant must amend this wording to specify the common commercial or generic name of the services.  *See* TMEP §1402.01.  If the services have no common commercial or generic name, applicant must describe or explain the nature of the services using clear and succinct language.  *See id*.

Applicant may amend the identification to clarify or limit the services, but not to broaden or expand the services beyond those in the original application or as acceptably amended.  *See* 37 C.F.R. §2.71(a); TMEP §1402.06.  Generally, any deleted services may not later be reinserted.  *See* TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*.  *See* TMEP §1402.04.

The recitation of services in International Class 44 should be amended to read as follows, if accurate:

Health spa services for health and wellness of the mind, body and spirit; health spa services, namely, cosmetic body care services; massage therapy services; health spa services, namely, body wraps, mud treatments, seaweed treatments, hydrotherapy baths, body scrubs, and steam room and reflexology treatments; beauty spa services, namely, providing massages, manicures, pedicures, facials, body treatments and skin care and salon services in a resort like environment; day spa featuring mineral spas, saunas, steam rooms, massages, manicures, pedicures and nail enhancement, facials, body treatments and other skin care; beauty and salon services; provision of sauna and hot tub facilities; contrast bath therapy services; hot/cold bath immersion therapy services; counseling services in the fields of health, nutrition and lifestyle wellness in

International Class 44.

<u>Search of the Office Records</u>

The trademark examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

<u>Response</u>

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820.  TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services.  37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04.  However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

/Charles L. Jenkins, Jr./

Charles L. Jenkins, Jr.

Trademark Attorney

Law Office 112

571-272-9305

charles.jenkins@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| | |
|---|---|
| **To:** | MVE Hotel, LLC (PHIPdocketing@cozen.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 88162715 - THE NORDIC - MNVK0046US |
| **Sent:** | 2/5/2019 4:26:12 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED

ON **2/5/2019** FOR U.S. APPLICATION SERIAL NO. 88162715

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **2/5/2019** (*or sooner if specified in the Office action*). A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period. For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp**.**

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that

closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."


Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All <u>official</u> USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see <u>http://www.uspto.gov/trademarks/solicitation_warnings.jsp</u>.

**Generated on:** This page was generated by TSDR on 2025-08-08 19:57:07 EDT

**Mark:** NORDIC BLUE SPA

Nordic Blue Spa

| | | | |
|---|---|---|---|
| **US Serial Number:** | 90660510 | **Application Filing Date:** | Apr. 21, 2021 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Aug. 29, 2022

**Date Abandoned:** Aug. 09, 2022

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | NORDIC BLUE SPA |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "NORDIC" AND "SPA" |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Health spa services for health and wellness of the body and spirit; Health spa services for health and wellness of the body and spirit offered at a health resort; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Health spa services, namely, body wraps, mud treatments, seaweed treatments, hydrotherapy baths, and body scrubs

**International Class(es):** 044 - Primary Class    **U.S Class(es):** 100, 101

**Class Status:** ACTIVE

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** Carmanico, Sharon J

**Owner Address:** 629 Lakeland Lane
Faber, VIRGINIA UNITED STATES 22938

**Legal Entity Type:** INDIVIDUAL                      **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

**Correspondent Name/Address:** Carmanico, Sharon J
629 Lakeland Lane
Faber, VIRGINIA UNITED STATES 22938

**Phone:** 703-505-6883

**Correspondent e-mail:** sharon@manicenterprises.com drsharonc@verizon.net          **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Aug. 29, 2022 | ABANDONMENT NOTICE E-MAILED - FAILURE TO RESPOND | |
| Aug. 29, 2022 | ABANDONMENT NOTICE MAILED - FAILURE TO RESPOND | |
| Aug. 29, 2022 | ABANDONMENT - FAILURE TO RESPOND OR LATE RESPONSE | |
| Aug. 29, 2022 | ASSIGNED TO EXAMINER | |
| Feb. 08, 2022 | NOTIFICATION OF FINAL REFUSAL EMAILED | |
| Feb. 08, 2022 | FINAL REFUSAL E-MAILED | |
| Feb. 08, 2022 | FINAL REFUSAL WRITTEN | |
| Jan. 11, 2022 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Jan. 11, 2022 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jan. 11, 2022 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Dec. 30, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Dec. 30, 2021 | NON-FINAL ACTION E-MAILED | |
| Dec. 30, 2021 | NON-FINAL ACTION WRITTEN | |
| Dec. 15, 2021 | ASSIGNED TO EXAMINER | |
| Jul. 28, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Apr. 24, 2021 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** FRIEDMAN, LESLEE          **Law Office Assigned:** LAW OFFICE 120

**File Location**

**Current Location:** TMO LAW OFFICE 120 - EXAMINING ATTORNEY ASSIGNED          **Date in Location:** Aug. 29, 2022

| **To:** | Carmanico, Sharon J (sharon@manicenterprises.com) |
|---|---|
| **Subject:** | U.S. Trademark Application Serial No. 90660510 - NORDIC BLUE SPA - N/A |
| **Sent:** | December 30, 2021 02:38:52 PM |
| **Sent As:** | ecom120@uspto.gov |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |
| | Attachment - 33 |
| | Attachment - 34 |
| | Attachment - 35 |
| | Attachment - 36 |
| | Attachment - 37 |
| | Attachment - 38 |
| | Attachment - 39 |
| | Attachment - 40 |
| | Attachment - 41 |
| | Attachment - 42 |
| | Attachment - 43 |
| | Attachment - 44 |

Attachment - 45
Attachment - 46
Attachment - 47
Attachment - 48
Attachment - 49
Attachment - 50
Attachment - 51
Attachment - 52
Attachment - 53

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.**
90660510

**Mark:** NORDIC BLUE SPA

**Correspondence Address:**
CARMANICO, SHARON J
629 LAKELAND LANE
FABER, VA 22938

**Applicant:** Carmanico, Sharon J

**Reference/Docket No.** N/A

**Correspondence Email Address:**

sharon@manicenterprises.com

# NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within  six months of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS).  A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:** December 30, 2021

 The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:
- Section 2(d) Refusal – Likelihood of Confusion
- Disclaimer Required

SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5972188.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the attached registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

The applicant's mark is  NORDIC BLUE SPA presented in standard character form for use in association with: " Health spa services for health and wellness of the body and spirit; Health spa services for health and wellness of the body and spirit offered at a health resort; Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services; Health spa services, namely, body wraps, mud treatments, seaweed treatments, hydrotherapy baths, and body scrubs" in International Class 44.

The mark in Registration No. 5972188 is BLUE MEDICAL SPA presented in stylized form for use in association with: "Medical and wellness spa providing laser treatments, skin therapies, body contouring, anti-aging, and injectables" in International Class 44.

### Similarity of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar."  *In re Inn at St. John's, LLC* , 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam* , 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

Here, the marks contain the identical wording "BLUE". The additional wording in each mark is descriptive of or generic for the services. Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1305, 128 USPQ2d 1047, 1050 (Fed. Cir. 2018) (citing *In re Dixie Rests.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997)); TMEP §1207.01(b)(viii), (c)(ii). Matter that is descriptive of or generic for a party's goods and/or services is typically less significant or less dominant in relation to other wording in a mark. *See Anheuser-Busch, LLC v. Innvopak Sys. Pty Ltd.*, 115 USPQ2d 1816, 1824-25 (TTAB 2015) (citing *In re Chatam Int'l Inc.* , 380 F.3d 1340, 1342-43, 71 USPQ2d 1944, 1946 (Fed. Cir. 2004)).

In the present case, the attached evidence shows that the wording NORDIC and SPA in the applied-for mark is merely descriptive of or generic for applicant's services. The terms MEDICAL SPA have been disclaimed in the registered mark. Thus, this wording is less significant in terms of affecting the mark's commercial impression, and renders the wording BLUE the more dominant element of the mark.

The stylization of the registered mark does not change the overall commercial impression of the mark. A mark in typed or standard characters may be displayed in any lettering style; the rights reside in the wording or other literal element and not in any particular display or rendition. *See In re Viterra Inc.*, 671 F.3d 1358, 1363, 101 USPQ2d 1905, 1909 (Fed. Cir. 2012); *In re Mighty Leaf Tea*, 601 F.3d 1342, 1348, 94 USPQ2d 1257, 1260 (Fed. Cir. 2010); 37 C.F.R. §2.52(a); TMEP §1207.01(c)(iii). Thus, a mark presented in stylized characters and/or with a design element generally will not avoid likelihood of confusion with a mark in typed or standard characters because the word portion could be presented in the same manner of display. *See, e.g.*, *In re Viterra Inc.*, 671 F.3d at 1363, 101 USPQ2d at 1909; *Squirtco v. Tomy Corp.*, 697 F.2d 1038, 1041, 216 USPQ 937, 939 (Fed. Cir. 1983) (stating that "the argument concerning a difference in type style is not viable where one party asserts rights in no particular display").

Consequently, the applicant's mark and the registrant's mark are confusingly similar.

### Relatedness of the Services

The goods and/or services are compared to determine whether they are similar, commercially related, or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa*

*Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

The compared goods and/or services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i).  They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source."  *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

The attached Internet evidence, consisting of evidence from Milani Med Spa, Neroli, and V\O, establishes that the same entity commonly provides the relevant services and markets the services under the same mark.  Thus, applicant's and registrant's services are considered related for likelihood of confusion purposes.  *See, e.g.*, *In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

<u>**Conclusion**</u>

The overriding concern is not only to prevent buyer confusion as to the source of the services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer.  *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993).  Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant.  TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

Accordingly, since the applicant's mark and the registrant's mark are similar and their services related, registration must be refused und er Trademark Act Section 2(d). Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.  However, if applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

DISCLAIMER REQUIRED

Applicant must disclaim the wording "NORDIC" and "SPA" becuase it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services.  *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

The attached evidence from Nordic Visitor Blog shows NORDIC SPA means "a collection of therapies based around thermal healing through steam and water." In addition, the attached evidence from Canada.com, Alyeska Resort, and Mount Bohemia Nordic Spa shows this wording is commonly used in connection with similar spa services.  Thus, the wording merely describes applicant's spa services.

Applicant may respond to this issue by submitting a disclaimer in the following format:

> **No claim is made to the exclusive right to use "NORDIC" and "SPA" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

**How to respond.  Click to file a response to this nonfinal Office action.**

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action.  For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above.  For a requirement, applicant should set forth the changes or statements.  Please see "Responding to Office Actions" and the informational video "Response to Office Action" for more information and tips on responding.  Please call or email the assigned trademark examining attorney with questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action.  *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

RECOMMEND PRO SE APPLICANT OBTAIN COUNSEL

Because of the legal technicalities and strict deadlines of the trademark application process, applicant is encouraged to hire a private attorney who specializes in trademark matters to assist in this process.  The assigned trademark examining attorney can provide only limited assistance explaining the content of an Office action and the application process.  USPTO staff cannot provide legal advice or statements about an applicant's legal rights.   TMEP §§705.02, 709.06.  See Hiring a U.S.-licensed trademark attorney for more information.

/Sarah E. Steinpfad/
Trademark Examining Attorney
U.S. Patent and Trademark Office
Law Office 120
sarah.steinpfad@uspto.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.**  A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**.  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

| | |
|---|---|
| **To:** | Carmanico, Sharon J (sharon@manicenterprises.com) |
| **Subject:** | U.S. Trademark Application Serial No. 90660510 - NORDIC BLUE SPA - N/A |
| **Sent:** | December 30, 2021 02:38:54 PM |
| **Sent As:** | ecom120@uspto.gov |
| **Attachments:** | |

### United States Patent and Trademark Office (USPTO)

## USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on **December 30, 2021** for
### U.S. Trademark Application Serial No. 90660510

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action in order to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action HERE.**  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response period.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.


## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

· **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.**  Private companies not associated with the USPTO may mail or email you trademark-related offers and notices – most of which require fees.  The USPTO will only email **official USPTO correspondence from the domain "@uspto.gov."**

· **Hiring a U.S.-licensed attorney.**  If you do not have an attorney and are not required to have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney identified above is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.